FIRST SECURITY BANK OF BEAVER, OKLAHOMA, Plaintiff–Appellant/Cross–Appellee,

v.

Bobby C. TAYLOR, and Vonquitta Taylor, Defendants–Appellees/Cross–Appellants,

Berton Starcher, agent for Eugene Starcher, Alice Rudy Duke, Berton Starcher, Suzanne Starcher and Sandra Starcher Rice; Berton Starcher, individually, if he be living or if deceased his heirs, unknown heirs, executors, administrators, devisees, trustees, assigns and unknown successors in interest of Berton Starcher; Eugene Starcher, individually; Alice Rudy Duke, individually; Suzanne Starcher, individually; Sandra Starcher Rice, individually; and United States of America, ex rel. Farmers Home Administration, Defendants.

Nos. 91–6154, 91–6159.

United States Court of Appeals, Tenth Circuit.

May 21, 1992.

---

Robert C. Smith, Jr. (John T. Edwards, with him on the briefs) of Monnet, Hayes, Bullis, Thompson & Edwards, Oklahoma City, Okl., for plaintiff-appellant/cross-appellee.

Wm. Brad Heckenkemper (Allen E. Barrow, Jr. of Barrow Gaddis Griffith & Grimm, and Paul D. Brunton, Tulsa, Okl., with him on the briefs) of Barrow Gaddis Griffith & Grimm, for defendants-appellees/cross-appellants.

Before ANDERSON, ALDISERT,* and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

The First Security Bank (Bank) sued its Borrowers, Bobby C. and Vonquitta Taylor, to foreclose its security on a loan admittedly in default. Borrowers counterclaimed alleging a breach of the lending agreement and negligent servicing of the loan. The jury returned a verdict in favor of Borrowers. Both parties appeal. Bank contends the court should have directed a verdict in its favor. Borrowers contend the trial court erred by not submitting all their theories of liability to the jury and by excluding certain expert testimony. We affirm.

Background

The facts before us reveal a story typically found in the late 1970's and 1980's. Borrowers, who raised wheat and cattle, began their relationship with Bank in the early 1970's when they commenced expanding their operations. During this relationship, Bank typically loaned Borrowers 100 per cent of the money Borrowers needed to buy cattle. By 1986, Borrowers' debt to the Bank had grown to $130,000. Borrowers were unable to satisfy this debt. Bank was unwilling and unable to extend further credit.

The parties arrived at a solution to their problems. Borrowers applied to the Farmers Home Administration (FHA) for a loan guarantee of $165,000, which was granted. The essence of this agreement was that Bank would make a new loan to Borrowers with the FHA guaranteeing repayment. Borrowers used approximately $130,000 of the guaranteed loan proceeds to repay the existing loan and the remaining $35,000 as farm operating capital. According to Borrowers, the purpose of the guaranteed loan was to shore up Bank's loan so Bank could continue to let Borrowers operate as they had in the past.

Borrowers' farm income began to decline shortly after the new loan was made.

Bank would not loan Borrowers any further money to purchase cattle. Consequently, Borrowers went into default on the guaranteed loan in 1987.

Bank commenced this action seeking to collect its debt by foreclosing the real estate mortgage and several security agreements. Borrowers raised various defenses and many counterclaims; however, insofar as is relevant to this appeal, Borrowers asserted: (1) a breach of an oral contract by Bank to loan additional monies outside the guaranteed loan to finance Borrowers' cattle operations; and (2) Bank's negligent servicing of the loan.

During the course of the trial, Borrowers' evidence tended to establish an officer of the Bank promised to finance Borrowers' cattle operation outside the guaranteed loan. The jury returned its verdicts finding: (1) Bank breached its agreement to loan monies outside the guaranteed loan preventing Borrowers' performance and thus Bank could not recover its loan; and (2) Bank negligently serviced the guaranteed loan but Borrowers failed to prove any damages.

Both parties appeal.

I.

The Bank's Appeal

■ Bank complains the trial court erred by not directing a verdict or granting judgment notwithstanding the verdict in its favor. We review de novo the trial court's decision not to grant these motions. *Anderson v. Phillips Petroleum Co.*, 861 F.2d 631, 634 (10th Cir.1988). In so doing, we view the evidence in the light most favorable to the nonmoving party. *Richards v. Attorneys' Title Guar. Fund, Inc.*, 866 F.2d 1570, 1574 (10th Cir.), *cert. denied*, 491 U.S. 906, 109 S.Ct. 3189, 105 L.Ed.2d 697 (1989). We will overturn the trial court's refusal to grant such motions only if it appears reasonable minds could not differ as to the outcome. *Anderson*, 861 F.2d at 635. With these standards in

* The Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

mind, we review Bank's various assertions regarding its motions for directed verdict and judgment notwithstanding the verdict.

### A. *Oral Agreement:*

Borrowers presented evidence Bank made an oral promise to loan additional money outside the loan to finance Borrowers' cattle operation. Borrowers raised, both as a defense and as a counterclaim, the fact that Bank breached its oral contract. The trial court instructed the jury that if a breach of the oral agreement occurred and if this breach prevented Borrowers' payment of the loan, Bank could not recover from Borrowers under the loan. The jury so found.

On appeal, Bank asserts that under Oklahoma law an oral agreement to loan an unknown amount for seven years is so uncertain it cannot constitute a contract. Accordingly Bank argues Borrowers cannot base a defense or counterclaim upon such an agreement. Therefore Bank contends the trial court should have granted a directed verdict or a motion for judgment notwithstanding the verdict in its favor. Borrowers contend Bank never made such an argument until it filed its motion for judgment notwithstanding the verdict and Bank therefore is precluded from now asserting this issue.

At the close of Borrowers' case, counsel for Bank moved for a directed verdict stating:

> [T]he evidence, and any reasonable inference that may be drawn therefrom, wholly and totally fails to make out a case in favor of the defendants [Borrowers] on its counterclaim, and the plaintiff's case—the evidence in the plaintiff's case is conclusive as to the debt.

■ Fed.R.Civ.P. 50(a) expressly requires a motion for a directed verdict to "state the specific grounds therefor." [1] We have stated previously, concerning this rule, that "[t]echnical precision is not necessary in stating grounds for the motion so long as the trial court is aware of the

movant's position." *United States v. Fenix & Scisson, Inc.,* 360 F.2d 260, 266 (10th Cir.1966), *cert. denied* 386 U.S. 1036, 87 S.Ct. 1474, 18 L.Ed.2d 599 (1967).

Bank's motion apprised the trial court only that Bank believed the evidence was insufficient to establish Bank's breach of an oral agreement. Bank wholly failed to advise the trial court of the legal significance of the existing evidence. The record does not reflect Bank argued the oral agreement was too uncertain to be enforceable during its motion for directed verdict.

The Bank's sole "objection" regarding the oral agreement came in the form of an objection as to the sufficiency of the evidence. This court will not now speculate as to whether Borrowers could have offered evidence to comply facially with Oklahoma law concerning specificity. Bank had the obligation to apprise both the trial court and the opposing party of the basis of its motion for directed verdict, and this it failed to do.

When a movant fails to state the specific grounds for its directed verdict motion, our case law requires the moving party to demonstrate the trial court was aware of the moving party's position. Bank asserts the trial court was aware of Bank's position by directing our attention to its motion for directed verdict on Bank's claim against Borrowers and to a colloquy between court and counsel concerning Borrowers' negligent servicing claim. Neither reference supports Bank's argument the trial court understood the grounds for the motion for directed verdict. As we recognized earlier, Bank's motion for directed verdict only mentioned the sufficiency of the evidence. The record demonstrates no reference to the uncertainty or the enforceability of the oral agreement. Likewise, review of the discussion regarding Borrowers' negligent servicing claim reveals no evidence that the court was aware Bank was asserting the oral agreement was too uncertain to be enforced.

---

1. We note this rule has since been amended and now requires a "motion for judgment as a matter of law" to "specify the ... law and the facts on which the moving party is entitled to the judgment."

■ The record reveals the first instance Bank argues uncertainty of the oral agreement is in its motion for judgment notwithstanding the verdict. However, a party is precluded from relying upon grounds in a motion for judgment notwithstanding the verdict that were not previously raised in support of the motion for a directed verdict. *Karns v. Emerson Electric Co.*, 817 F.2d 1452, 1455 n. 2 (10th Cir.1987). In the case before us, Bank failed to apprise the trial court of the issue it now desires to raise until it made its motion for judgment notwithstanding the verdict. We conclude Bank is simply too late, which now precludes our ruling upon this issue.

■ Bank argues we should nevertheless decide this issue as the trial court's failure to correct the verdicts amounts to plain error constituting a miscarriage of justice. The trial court's failure to *sua sponte* identify and rule upon an issue of state contract law should not ordinarily be regarded as plain error, and under the facts of this case, we are not inclined to label it as such. Consequently, we affirm the trial court's decision to deny Bank's motions for directed verdict and judgment notwithstanding the verdict.

## B. *The Oral Agreement and the Statute of Frauds:*

Bank next argues Bank's oral agreement to finance Borrowers' cattle operations is unenforceable under the Oklahoma Statute of Frauds [2] as the agreement was to make cattle loans for seven years. Bank asserts the trial court committed error by its failure to grant Bank's directed verdict on this basis.

For substantially the same reasons previously discussed, we conclude Bank failed to identify this issue sufficiently when it made its motion for directed verdict. The record does not reveal Bank relied on the Statute of Frauds in making its motion for directed verdict. We therefore decline to review this issue now holding Bank waived its right to seek review. Accordingly, we

affirm the trial court's denial of Bank's directed verdict motion.

## C. *Negligent Servicing:*

■ The trial court instructed the jury that Borrowers pursued a counterclaim against Bank based upon Bank's negligent servicing of Borrowers' loan. The jury returned a special verdict finding Bank negligent. However, the jury also found Borrowers sustained no damages.

Bank argues the trial court erred in submitting this claim to the jury. Instead, Bank asserts the trial court should have granted Bank's motion for directed verdict or judgment notwithstanding the verdict because, under Oklahoma law, a tort claim cannot arise out of an alleged breach of contract. Bank also contends the jury's verdict, which awarded no damages, should be overturned because negligence cannot exist under Oklahoma law without damages.

Fed.R.Civ.P. 61 provides that a "court at every stage of the proceeding *must* disregard any error ... which does not affect the substantive rights of the parties." (Emphasis added.) Assuming, arguendo, that Bank's contentions are correct, Bank has failed to show this court how it was prejudiced by this verdict. Although Borrowers obtained a judgment against Bank, Bank was not liable for any damages. A court should be reluctant to resolve purported errors of law when the unsuccessful party can show no prejudice suffered as a result of the purported error. Such is the situation in the case now before us. Therefore, we decline to overturn the jury verdict and affirm the trial court's denial of Bank's directed verdict and judgment notwithstanding the verdict motions.

## D. *Sufficiency of the Evidence:*

Bank argues the trial court erred in failing to grant its motion for judgment notwithstanding the verdict. Bank contends insufficient evidence exists to support the judgment in favor of Borrowers concerning

---

**2.** Okla.Stat. tit. 15 § 136(1) (1983) states "[A]n agreement that, by its terms, is not to be per- formed within a year from the making thereof," is invalid.

Bank's contractual obligation to loan additional funds and Bank's negligent servicing of the loan.

The trial court, over Borrowers' objection, submitted a special interrogatory to the jury. This interrogatory asked the jury whether an agreement between Bank and Borrowers obligated Bank "to loan more money" to Borrowers to buy cattle. The jury answered in the affirmative. A jury verdict accompanied this interrogatory finding that Bank breached this agreement and Borrowers suffered no damages.

It would be tempting to dismiss this argument by stating a decision would make no difference as no damages were awarded. However, in the case before us, the trial court also instructed the jury that if it found a contract existed, Bank breached the contract, and this breach prevented Borrowers from performing, then Bank could not recover the money due under the loan.

 We therefore turn our attention to the sufficiency of the evidence supporting the verdict finding Bank breached its agreement to loan Borrowers cattle money. Mr. Taylor, one of the Borrowers, testified Bank promised to finance his cattle operations; Borrowers did not have enough income to repay the $165,000 loan without this financing; and Bank would not loan any money for his cattle operation after the spring of 1987. The record shows no objections to this testimony or to the pertinent instructions. We hold this evidence sufficiently supports the jury's verdict under the instructions given. Thus, we affirm the trial court's judgment entered on the verdict, and its refusal to grant judgment notwithstanding the verdict in Bank's favor.

**E. *Verdict Result of Compromise and Jury Sympathy:***

Bank asserts the judgment entered on the jury verdicts must be set aside as the verdicts resulted from compromise and sympathy. Bank supports this argument by asserting the evidence is insufficient to support the verdicts, an assertion we previously have rejected. Therefore, we find this argument meritless.

## II.

### Borrowers' Appeal

Borrowers assert the trial court committed reversible error by failing to instruct concerning their theories of tortious breach of contract; constructive fraud; conversion; and wrongful dishonor of a negotiable instrument.

 Borrowers commence this argument by urging us to adopt an Oklahoma standard of review: whether a probability exists the jurors were misled. *See Ankney v. Hall,* 764 P.2d 153 (Okla.1988). Borrowers misperceive the law. A party is only entitled to an instruction on its theory of the case when the desired instruction is properly and timely brought to the trial court's attention, is legally correct, and is supported by the evidence. *MidAmerica Fed. Sav. & Loan Ass'n v. Shearson/American Express, Inc.,* 886 F.2d 1249, 1261 (10th Cir.1989). We conclude none of Borrowers' theories meet this standard.

### A. *Jury Instructions*

#### 1. Tortious Breach of Contract

 Borrowers pursue their argument concerning the alleged tortious breach of contract by arguing bank breached its fiduciary duty of good faith and fair dealing. However, in *Rodgers v. Tecumseh Bank,* 756 P.2d 1223, 1226 (Okla.1988), the Supreme Court of Oklahoma specifically held it would not extend the implied duty of good faith and fair dealing to contracts for commercial loans. Further, the Oklahoma court held without an independent basis to support a tortious wrongdoing a tortious breach is nothing more than a breach of contract. *Id.* at 1227. Borrowers have alleged no independent basis to support a tort claim. Consequently, Borrowers have failed to propose a legally correct theory of tortious breach of contract entitling them to a jury instruction.

### 2. Constructive Fraud

Borrowers next complain of the trial court's refusal to instruct on constructive fraud and fraudulent inducement. Borrowers' theory is that Bank promised to lend money at some future time and failed to do so. In essence, Borrowers allege nonperformance of a contract. Clearly, such conduct does not rise to the level of constructive fraud. Nonperformance of a contract gives rise to a cause of action for breach of contract, not fraud. *See Smith v. Johnston,* 591 P.2d 1260, 1262 (Okla.1978). Once again, Borrowers have failed to present a legally correct theory upon which the trial court should have instructed the jury.

### 3. Conversion and Wrongful Dishonor

Borrowers also complain of the trial court's refusal to instruct concerning their theories of conversion and wrongful dishonor of a negotiable instrument. They base these claims upon facts showing Bank refused to honor a check in the amount of $13,588. Borrowers had drawn this check on an account whereby Borrowers had agreed the funds could only be used for farm operating capital or loan payments. To support a claim of conversion, Borrowers must show Bank wrongfully interfered with their funds. No evidence exists showing the check was drawn for either permitted purpose. Borrowers have failed to provide evidence that supports their claim that Bank's refusal to honor the check was wrongful. Borrowers have not demonstrated how Bank can be held liable for either conversion or wrongful dishonor on these facts. Consequently, Borrowers have failed to demonstrate on what basis they are entitled to a jury instruction on these theories.

### B. Expert Witness Testimony

Finally, Borrowers contend the trial court should have permitted them to introduce expert testimony regarding the proper servicing and administration of the loan. This assertion merits no discussion as the jury found Bank negligently serviced the loan. Borrowers fail to inform this court of any prejudice suffered because the jury found in their favor. Thus, we affirm the trial court's decision to exclude this testimony.

### Conclusion

On its appeal, Bank has demonstrated no basis which entitles it to a directed verdict or judgment notwithstanding the verdict. Bank failed to allege the specific grounds for its motion for directed verdict. Bank is precluded from relying on new theories on its motion for judgment notwithstanding the verdict. We conclude the errors cited by Bank are harmless and the evidence supports the jury verdicts. The Borrowers' appeal failed to reveal any theories supported by law or evidence upon which the trial court should have instructed the jury. Nor did Borrowers demonstrate any prejudice suffered as a result of the trial court's refusal to permit them to introduce certain expert testimony.

The judgment of the trial court is AFFIRMED.