UNITED STATES COURT OF APPEALS

<span style="text-decoration: underline">**Filed 9/17/96**</span>

FOR THE TENTH CIRCUIT

---

RITA INETTA WOMMACK,

     Plaintiff-Appellant,

v.

SOUTHWEST MEDICAL CENTER
OF OKLAHOMA, an Oklahoma
corporation; SOUTHWEST MEDICAL
CENTER OF OKLAHOMA, doing
business as SMC Health Services
Corporation,

     Defendants-Appellees.

No. 95-6298
(D.C. No. CIV-94-665-M)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before BRORBY, BARRETT, and EBEL, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Rita Inetta Wommack appeals from the judgment of the district court entered in favor of defendant following a jury trial in this Title VII action. We affirm.

Ms. Wommack was employed as a monitor technician by the defendant hospital. She filed an EEOC complaint which was settled in 1990. The settlement agreement provided that (1) Ms. Wommack would be transferred to the same position on another floor when such a position became available, (2) she would not be harassed or retaliated against for filing the EEOC complaint, and (3) her personnel file would be expunged. Ms. Wommack was never transferred to the other floor. In 1992, she was fired when the hospital underwent a reduction in force.

Ms. Wommack then filed suit alleging that defendant had breached the settlement agreement by not transferring her to another floor. Ms. Wommack raised no issues as to the last two provisions of the agreement. After the judgment on the jury's verdict was entered, Ms. Wommack filed a motion for a new trial. The district court denied the motion and Ms. Wommack appeals.

On appeal, Ms. Wommack argues that (1) the jury's verdict is not supported by the evidence; (2) the jury reached an impermissible compromise verdict; (3) the court improperly instructed the jury by refusing plaintiff's requested jury instructions, misstating the law in the proffered jury instructions, and failing to properly present the contract issue; and (4) the court erred by refusing to admit a proffered exhibit which was properly admissible under the business records exception to the hearsay rule.

We first address Ms. Wommack's argument regarding the sufficiency of the evidence. Ms. Wommack did not move for judgment as a matter of law at the conclusion of the presentation of evidence. See Fed. R. Civ. P. 50(a). A party's failure to move, at the close of all the evidence, for judgment as a matter of law precludes our review of the sufficiency of the evidence on appeal, FDIC v. United Pacific Insurance Co., 20 F.3d 1070, 1076 (10th Cir. 1994), subject to the plain error exception, cf. First Security Bank v. Taylor, 964 F.2d 1053, 1057 (10th Cir. 1992). As Ms. Wommack does not claim plain error, we may not review this argument.

Ms. Wommack did move for a new trial and at that time she raised the sufficiency of the evidence issue. A litigant may move for a new trial urging that the verdict cannot stand because the "overwhelming evidence [is] contrary to the verdict without previously raising such an objection." Pulla v. Amoco Oil Co., 72

F.3d 648, 656 (8th Cir. 1995). We review the district court's denial of a motion for a new trial for abuse of discretion. Sheets v. Salt Lake County, 45 F.3d 1383, 1390 (10th Cir.), cert. denied, 116 S. Ct. 74 (1995). We will reverse the district court's ruling only if we determine the district court grossly abused its discretion in denying the motion. Franklin v. Thompson, 981 F.2d 1168, 1171 (10th Cir. 1992).

In her motion for a new trial, Ms. Wommack essentially challenged the jury's determination by assailing the credibility of the witnesses. She asserted that defendant's witnesses were not credible and had committed perjury, and that the jury had erroneously discredited her testimony. The jury "has the exclusive function of appraising credibility, determining the weight to be given to the testimony, drawing inferences from the facts established, resolving conflicts in the evidence, and reaching ultimate conclusions of fact." Oklahoma Federated Gold & Numismatics, Inc. v. Blodgett, 24 F.3d 136, 142 (10th Cir. 1994)(quotation omitted). Accepting the jury's determinations of the credibility of the witnesses, we cannot hold that the jury's verdict was completely against the weight of the evidence. Because the district court could not reweigh the jury's determination of the credibility of the witnesses, it did not abuse its discretion in denying Ms. Wommack's motion for a new trial on this ground.

Ms. Wommack also argues that the jury reached an impermissible compromise verdict. "A compromise judgment is one reached when the jury, unable to agree on *liability*, compromises that disagreement and enters a low award of damages." Riggs v. Scrivner, Inc., 927 F.2d 1146, 1149 (10th Cir.), cert. denied, 502 U.S. 867 (1991)(quotation omitted). The jury here did not enter a compromise verdict, but rather agreed that defendant was not liable. This argument is without merit.

Next, Ms. Wommack challenges the jury instructions. She asserts that the court improperly instructed the jury by refusing to give her requested jury instructions, misstating the law in the proffered jury instructions, and failing to properly present the contract issue. In reviewing the denial of a motion for a new trial which alleged error in the jury instructions, "we consider the instructions given as a whole. . . . [W]e consider all the jury heard, and from the standpoint of the jury, decide not whether the charge was faultless in every particular, but whether the jury was misled in any way and whether it had understanding of the issues and its duties to determine these issues." Patty Precision Prods. Co. v. Brown & Sharpe Mfg. Co., 846 F.2d 1247, 1252 (10th Cir. 1988)(quotations and citations omitted).

Ms. Wommack requested that instructions be given regarding the statute of limitations for bringing contract actions and permissible means to modify a

contract. No issue of the timeliness of this action was present. Further, the settlement agreement was never modified. The court properly refused to give these instructions.

Ms. Wommack argues the district court should not have given the instruction which addressed defendant's affirmative defense that Ms. Wommack had waived the right to have defendant perform the agreement because she had indicated her intent not to enforce the agreement. Defendant presented evidence that Ms. Wommack had been offered a transfer to another floor two times, but had declined the transfer both times. This instruction reflected defendant's position that by declining the proffered transfers, Ms. Wommack had waived her right to request enforcement of the agreement. We see no error in giving this instruction.

The final instruction Ms. Wommack objects to identified her burden of proof. While this instruction has not been included in the record on appeal, Ms. Wommack appears to have sufficiently informed us of the content of the instruction that we may address this argument. Further, defendant does not assert that Ms. Wommack has misrepresented the content of the instruction.

The challenged instruction stated that Ms. Wommack bore the burden of showing that retaliation for filing her EEOC complaint was a determinative factor in defendant's decision to discharge her at the time of the reduction in force. Ms. Wommack objects to the words "determinative factor," arguing that instead she

should only have had to show a causal link between her filing of the EEOC complaint and her discharge, such that but for her filing of the complaint she would not have been discharged. Ms. Wommack cites no law in support of her position. See Phillips v. Calhoun, 956 F.2d 949, 953 (10th Cir. 1992)(party must support its argument with legal authority). Tenth Circuit law does not support her position. See generally Sanchez v. Philip Morris Inc., 992 F.2d 244, 246-47 (10th Cir. 1993)(Title VII plaintiff "must prove that intent to discriminate based upon plaintiff's protected class characteristic was the determining factor for the allegedly illegal employment decision")(emphasis omitted); Spulak v. K Mart Corp., 894 F.2d 1150, 1154 (10th Cir. 1990)(plaintiff may carry his ultimate burden of persuasion, "by proving that age was more likely than not a determinative factor in the employment decision, or indirectly by establishing that the employer's proffered explanation is mere pretext")(quotation omitted); EEOC v. Sperry Corp., 852 F.2d 503, 507 (10th Cir. 1988)(after trial, "the central question becomes whether plaintiff has presented enough evidence to permit a reasonable factfinder to conclude that age was a determinative factor in the employer's decision").

Ms. Wommack lists as an issue an argument that the district court "failed to properly present the contract issue to be decided." Appellant's Br. at 11, 25. Ms. Wommack does not pursue this argument in her brief and we will not address it.

See United States v. Hardwell, 80 F.3d 1471, 1492 (issue is waived when party fails "to make any argument or cite any authority to support his assertion"), reh'g granted in part on other grounds, 88 F.3d 897 (10th Cir. 1996).

For her final argument, Ms. Wommack asserts that the district court erred in not admitting an exhibit she proffered, specifically page 1415 of Exhibit 67-g. This exhibit has not been included in her appendix. See Rubner & Kutner, P.C. v. United States Trustee (In re Lederman Enters., Inc.), 997 F.2d 1321, 1323 (10th Cir. 1993)(counsel bears the responsibility to ensure the record on appeal is complete). Because the evidentiary record is insufficient to permit assessment of this claim of error, we must affirm. See Deines v. Vermeer Mfg. Co., 969 F.2d 977, 979-80 (10th Cir. 1992).

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

David Ebel
Circuit Judge

-8-