In re James P. WOOSLEY, individually, d/b/a Woosley Oil Company and Evelyn I. Woosley, individually, Debtors.

**CONCORDE RESOURCES, INC., Appellant,**

v.

**James P. WOOSLEY and Evelyn I. Woosley, Appellees.**

No. 86–1279.

United States Court of Appeals, Tenth Circuit.

Aug. 30, 1988.

Donald T. Trinen (Christa D. Taylor, of Hart & Trinen, Denver, Colo., with him on the brief), of Hart & Trinen, Denver, Colo., for appellant.

Michael J. Guyerson, of Rothgerber, Appel, Powers & Johnson, Denver, Colo., on the brief, for appellees.

Before McKAY, McWILLIAMS and TACHA, Circuit Judges.

TACHA, Circuit Judge.

This appeal arises out of a bankruptcy court's decision to hold the law firm of Hart & Trinen, attorneys for the defendant Concorde Resources, Inc. (Concorde), in contempt for attempting to violate the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. § 362. The attorneys filed a notice of appeal from the bankruptcy court's contempt order in the name of Concorde, and the district court dismissed the appeal on the ground that the proper party for the appeal, Hart & Trinen, had not been listed as the appellant. Hart & Trinen appeals the district court's dismissal. We affirm.

The rules of federal appellate procedure require that the notice of appeal *"shall specify the party or parties taking the appeal."* Fed.R.App.P. 3(c) (emphasis added). The plaintiff James Woosley argues that because the party taking the appeal in this case was undisputedly Hart & Trinen rather than Concorde, the law firm's failure to appeal in its own name mandates dismissal. The attorneys' challenge to this assertion is two-pronged. First, they contend that because nonparties generally have no standing to file an appeal, they should not be required to comply strictly with Rule 3(c). Second, they argue that notwithstanding their failure to comply with the applicable rule they should be allowed to proceed with their appeal because Woosley has suffered no prejudice as a result of their noncompliance.

The attorneys correctly point out that a "nonparty does not have standing to appeal in the absence of most extraordinary circumstances." *Coffey v. Whirlpool Corp.*, 591 F.2d 618, 619 (10th Cir.1979). They

seemingly attempt to build from that assertion to argue that it would be unjust to hold them to the requirements of Rule 3(c) when as nonparties they only rarely have standing to appeal. This argument fails to recognize, however, that in the contempt context, the general standing rules are altered. "Ordinarily, only a litigant *who is a party below* and who is aggrieved by the judgment or order may appeal." *United States v. Chagra,* 701 F.2d 354, 358 (5th Cir.1983) (emphasis in original). However, a "nonparty may generally appeal an order holding him in civil contempt." *Id.* at 359. In fact, it is that status as a nonparty which entitles him or her to perfect an appeal before a final judgment has been entered. *Union of Professional Airmen v. Alaska Aeronautical Indus., Inc.,* 625 F.2d 881, 884 (9th Cir.1980). This rule has been applied to allow attorneys to appeal contempt orders issued against them for failure to comply with discovery orders, *In re Subpoena Addressed to Samuel W. Murphy, Jr.,* 560 F.2d 326, 332–33 n. 10 (8th Cir.1977), and to allow nonparties to appeal civil contempt orders issued by bankruptcy courts, *In re Sequoia Auto Brokers, Ltd.,* 827 F.2d 1281, 1283 (9th Cir.1987). Thus, it is clear that the attorneys have standing to appeal the bankruptcy court's contempt order and that they should have complied with the appellate procedural rules in filing their notice of appeal.

Hart & Trinen argue additionally, however, that they should be allowed to proceed to the merits of their appeal, notwithstanding their failure to comply with the Rule 3(c), because Woosley has suffered no prejudice as a result of the attorneys' noncompliance. Rule 3(c) requires that a "notice of appeal shall specify the party or parties taking the appeal." Fed.R.App.P. 3(c). The Supreme Court recently answered the question whether to require strict compliance with the rule in *Torres v. Oakland Scavenger Co.,* — U.S. —, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988). In that case, the Court held that failure to specify the party taking the appeal in accordance with Rule 3(c) presents a jurisdictional bar

to the appeal. *Id.* at 2408–09. *Torres* controls our disposition of this case.

Like the attorneys in the present case, the petitioner in *Torres* argued that a "harmless error" analysis should be applied to defects in a notice of appeal. The Court rejected that approach, stating that such an argument "misunderstands the nature of a jurisdictional requirement: a litigant's failure to clear a jurisdictional hurdle can never be 'harmless' or waived by a court." *Id.* at 2409 n. 3. The district court did not err in dismissing the appeal.

AFFIRMED.