Ernest E. RIGGS, Plaintiff–Appellant,

v.

SCRIVNER, INC., an Oklahoma corporation, Defendant–Appellee.

Nos. 89–6297, 89–6350.

United States Court of Appeals,
Tenth Circuit.

March 13, 1991.

Michael T. Braswell, Oklahoma City, Okl., for plaintiff-appellant.

David M. Curtis of Lytle Soule & Curlee, Oklahoma City, Okl., for defendant-appellee.

Before ANDERSON, TACHA, and BRORBY, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

Plaintiff appeals from several adverse district court rulings made in this civil action, commenced pursuant to 42 U.S.C. § 1981 and Title VII, 42 U.S.C. § 2000e et seq., alleging defendant wrongfully terminated plaintiff's employment on the basis of his race, white. In appeal No. 89–6297, plaintiff asserts ten grounds of error in the trial court proceedings, which ultimately resulted in verdicts in favor of defendant on both claims. In appeal No. 89–6350, plaintiff challenges the trial court's award of costs to defendant.[1]

Plaintiff commenced this action in November 1987, seeking reinstatement, back pay, and actual and punitive damages. Following a trial on the merits, the jury, on June 2, 1988, returned a verdict in favor of plaintiff on the section 1981 claim. Also on June 2, the trial court, addressing the Title VII claim, made an initial determination in favor of defendant.

On June 10, defendant filed a motion for judgment notwithstanding the verdict or, in the alternative, a new trial, challenging the jury verdict on the section 1981 claim. The district court denied that motion on September 1. Also on September 1, the district court, ruling it was bound by the jury's determination on the issue of discrimination, reversed its initial determination on the Title VII claim, held in favor of plaintiff and set a hearing on the issue of Title VII relief. The district court held that hearing on September 9, but did not rule on the issue of Title VII relief.

Defendant filed a notice of appeal on September 27, 1988, challenging the district court's September 1 determinations. On December 7, defendant filed a motion for reconsideration of the denial of its motion for new trial, asserting for the first time that the jury verdict on the section 1981 claim was the result of a jury compromise. The district court denied the motion to reconsider, but sua sponte ordered a new trial, determining the jury verdict was the result of a compromise.

The district court conducted a second jury trial, which resulted in a verdict in favor of defendant on the section 1981 claim. The trial court then held in defendant's favor on the Title VII claim and awarded defendant costs.

The issue presented by plaintiff's first ground for error in appeal No. 89–6297 is whether the district court's referral of this action to mandatory, nonbinding arbitration, pursuant to Western District of Oklahoma Local Rule 43, violated plaintiff's constitutional right to a jury trial on his section 1981 claim. *See generally Skinner v. Total Petroleum, Inc.*, 859 F.2d 1439, 1443 (10th Cir.1988) (where Title VII and section 1981 claims combined in one action, seventh amendment entitles plain-

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.

tiff to jury trial on section 1981 claim but not on Title VII claim).

Local Rule 43(P)(1) provides, at the request of a party, for a trial de novo before the district court following arbitration. Further, Rule 43(P)(2) provides that "unless the parties have otherwise stipulated, no evidence of or concerning the arbitration may be received into evidence" during the trial de novo.

The record indicates that, following the arbitration proceedings, the district court conducted a de novo jury trial on plaintiff's section 1981 claim. Referral of this action to arbitration, therefore, did not deny plaintiff his right to a jury trial. *See New England Merchants Nat'l Bank v. Hughes,* 556 F.Supp. 712, 714 (E.D.Pa.1983) (local compulsory arbitration rule, similar to Local Rule 43, "does not in any way abridge the constitutional right of a litigant to trial by jury since the litigant is entitled to demand a trial de novo provided he has complied with the procedures set forth" in the local rule).

■ In his second ground for error, plaintiff asserts the district court erred in considering defendant's motion for reconsideration of the denial of its motion for a new trial because defendant filed the motion to reconsider beyond the ten-day period provided by Fed.R.Civ.P. 59(b).[2] Similarly, in his third ground for reversal, plaintiff asserts that the district court erred in sua sponte granting a new trial beyond the ten-day time frame provided by Rule 59(d).

The ten-day period provided by Rule 59 begins to run only from the entry of a final judgment. *Anderson v. Deere & Co.,* 852 F.2d 1244, 1246 (10th Cir.1988); *see generally Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (final order ends litigation on merits and leaves nothing for court to do but execute judgment). At the time defendant filed the motion for reconsideration and at the time the district court sua sponte ordered a new trial, there had been

no final judgment entered in this action because the issue of Title VII relief had not yet been determined. *See Liberty Mut. Ins. Co. v. Wetzel,* 424 U.S. 737, 744, 96 S.Ct. 1202, 1206, 47 L.Ed.2d 435 (1976) (where issue of liability has been determined, but assessment of damages or award of other relief remains to be resolved, order determining liability is not final order).

Because a final judgment had not yet been entered in this action to commence Rule 59's ten-day limitations period, the district court's consideration of the motion for reconsideration and the district court's order sua sponte granting a new trial did not violate Rule 59. Further, because a court possesses the discretion to revise its interlocutory orders prior to the entry of a final judgment, *Anderson,* 852 F.2d at 1246 (citing Fed.R.Civ.P. 54(b)), the district court was not procedurally precluded from ordering a new trial.

■ The issue presented by plaintiff's sixth argument on appeal is whether, because defendant had filed a notice of appeal prior to its motion for reconsideration, the district court lacked jurisdiction to grant a new trial. While the filing of a timely notice of appeal divests the district court of jurisdiction, *e.g., Garcia v. Burlington Northern R.R. Co.,* 818 F.2d 713, 721 (10th Cir.1987), a premature notice of appeal is ineffective to transfer jurisdiction from the district court to the court of appeals. *Art Janpol Volkswagen, Inc. v. Fiat Motors of N. Am., Inc.,* 767 F.2d 690, 697 (10th Cir.1985). Because defendant's notice of appeal was premature, in light of the fact that the issue of Title VII relief had yet to be determined, defendant's notice of appeal was insufficient to deprive the district court of jurisdiction to grant a new trial. *Id.* For these same reasons, plaintiff's ninth argument on appeal, that defendant, by filing a notice of appeal but never filing an appellate brief, waived any challenge to the jury's verdict in the first trial, also lacks merit.

---

**2.** In his appellate brief, plaintiff also asserts defendant's motion for reconsideration was frivolous and requests an award of sanctions against defendant. Appellant's Brief (No. 89–6297), 7. This request is denied.

Plaintiff's fifth argument on appeal challenges the district court's imposition of sanctions against plaintiff's attorney. Plaintiff's attorney, rather than plaintiff, was the party aggrieved by the district court's imposition of sanctions and, therefore, was the proper party to appeal from this decision. *Federal Trade Comm'n v. Amy Travel Serv., Inc.*, 875 F.2d 564, 577 (7th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 366, 107 L.Ed.2d 352 (1989) (citing *Rogers v. National Union Fire Ins. Co.*, 864 F.2d 557, 559–60 (7th Cir.1988)). The rules of federal appellate procedure require that the notice of appeal "shall specify the party or parties taking the appeal." Fed. R.App.P. 3(c); *see also Concorde Resources, Inc. v. Woosley (In re Woosley)*, 855 F.2d 687, 687 (10th Cir.1988). Failure to name the proper party taking the appeal will result in the dismissal of an appeal for lack of appellate jurisdiction. *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 314, 317, 108 S.Ct. 2405, 2407, 2409, 101 L.Ed.2d 285 (1988); *see also Woosley*, 855 F.2d at 688. Because the notice of appeal filed in appeal No. 89–6297 failed to name plaintiff's attorney as a party to the appeal, this court lacks jurisdiction to review the merits of this argument. *See Woosley*, 855 F.2d at 687–88; *see also Amy Travel Serv.*, 875 F.2d at 577.

Plaintiff asserts four arguments on appeal challenging the second jury trial. Plaintiff first asserts that, because the issue of defendant's liability on the section 1981 claim had been conclusively resolved by the first jury trial, the only appropriate issue to be addressed during the second trial was the issue of damages. The district court granted a new trial after determining that the verdict in the first trial was the result of a jury compromise.[3] "A compromise judgment is one reached when the jury, unable to agree on *liability*, compromises that disagreement and enters a low award of damages." *National R.R. Passenger Corp. v. Koch Indus., Inc.*, 701 F.2d 108, 110 (10th Cir.1983) (emphasis added). The district court's order granting a new

trial on both the issue of liability and the issue of damages was not erroneous in light of the district court's determination that the jury verdict was the result of a compromise. *See id.*

Plaintiff next asserts both that the district court erred in denying plaintiff's motion for a directed verdict and that the jury's verdict in favor of defendant was not supported by sufficient evidence. This court reviews the denial of a motion for a directed verdict de novo. *Guilfoyle ex rel. Wild v. Missouri, Kan. & Tex. R.R. Co.*, 812 F.2d 1290, 1292 (10th Cir.1987). A directed verdict is appropriate only if the evidence, viewed in the light most favorable to the nonmoving party, "points but one way and is susceptible to no reasonable inferences supporting" the nonmoving party. *Zimmerman v. First Fed. Sav. & Loan Ass'n*, 848 F.2d 1047, 1051 (10th Cir. 1988). Further, this court's review of the evidence underlying a jury verdict in a civil case is limited to determining "whether the record contains substantial evidence to support the jury's ... conclusion, viewing the evidence in the light most favorable to the prevailing party." *Kitchens v. Bryan County Nat'l Bank*, 825 F.2d 248, 251 (10th Cir.1987). After careful review of the evidence presented during the second jury trial, we determine that plaintiff was not entitled to a directed verdict and that substantial evidence supported the jury's verdict in favor of defendant.

Lastly, plaintiff asserts the trial judge erred in making statements prejudicial to plaintiff in the presence of the jury. Review of the record fails to indicate any remark made by the trial court which might have prejudiced plaintiff's case before the jury.

In appeal No. 89–6350, plaintiff challenges the district court's award of costs to defendant. This court reviews an award of costs under an abuse of discretion standard. *United States Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir.1988). With one exception, we affirm the district court's award of costs.

---

**3.** Plaintiff does not challenge, on appeal, the merits of the district court's decision to vacate the verdict reached in the first jury trial because the verdict represented a jury compromise.

Plaintiff challenges the district court's taxation of a witness fee of thirty-five dollars per day for defendant's expert witness. The witness fee for an expert witness who is not court-appointed is limited to the thirty dollar per day limit authorized in 28 U.S.C. § 1821(b). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42, 107 S.Ct. 2494, 2497–98, 96 L.Ed.2d 385 (1987); *Furr v. AT & T Technologies, Inc.*, 824 F.2d 1537, 1550 (10th Cir.1987). A federal court does not have discretion to go beyond that statutory limitation. *Crawford Fitting*, 482 U.S. at 445, 107 S.Ct. at 2499. The district court, therefore, abused its discretion in awarding defendant thirty-five dollars a day for two days as a witness fee for defendant's expert witness.

To the extent appeal No. 89–6297 challenges the district court's imposition of sanctions against plaintiff's attorney, that appeal is DISMISSED for lack of appellate jurisdiction. We remand appeal No. 89–6350 to the district court for the purpose of reducing the total award of costs by ten dollars. *See, e.g., Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1210 (10th Cir. 1986). In all other respects, the judgments of the United States District Court for the Western District of Oklahoma are AFFIRMED. Plaintiff's request for sanctions in appeal No. 89–6297 is DENIED.