IT IS SO ORDERED.

**Ed BISHOP, d/b/a Ed Bishop Auto Sales, Plaintiff,**

v.

**MID–AMERICA AUTO AUCTION, INC., Bill Phillips and Jay Shrum d/b/a J & S Investments, Defendants.**

Civ. A. No. 89–2029–S.

United States District Court, D. Kansas.

Nov. 10, 1992.

See also 772 F. Supp. 565.

Vivian B. Bliss, Legal Services for Students, University of Kansas, Lawrence, KS, Bert S. Braud, Popham Law Firm, Kansas City, MO, Bernard E. Brown, Law

Office of Bernard E. Brown, Overland Park, KS, for plaintiff.

J.B. Craig, Moore, Graybill, Craig & Fuqua, Wichita, KS, for defendants Mid-America Auto Auction, Inc., and Jay Shrum.

John F. Reals, Houk, Reals & Weber, Ronald K. Badger, Wichita, KS, for defendant MAA Wholesale Investments.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the following motions: Motion for Judgment as a Matter of Law or in the Alternative for a New Trial (Docs. 190 and 192), and Plaintiff's Motion for Attorney's Fees (Doc. 198).

■ Rule 50(a) of the Federal Rules of Civil Procedure provides:

If during a trial by jury a party has been fully heard with respect to an issue and there is no legally sufficient evidentiary basis for a reasonable jury to have found for that party with respect to that issue, the court may grant a motion for judgment as a matter of law against that party on any claim, counterclaim, cross-claim, or third party claim that cannot under the controlling law be maintained without a favorable finding on that issue.

The rule further provides that such a motion may be renewed after trial within ten days of entry of judgment.

As the Tenth Circuit has stated on numerous occasions, the evidence must be viewed in the light most favorable to the nonmoving party, and only if the evidence so strongly points to one interpretation leaving no room for other reasonable inferences, should the court grant such a motion. *Danner v. International Medical Marketing, Inc.*, 944 F.2d 791, 793 (10th Cir.1991); *Riggs v. Scrivner, Inc.*, 927 F.2d 1146, 1149 (10th Cir.1991).

■ Generally, motions for a new trial are committed to the discretion of the district court. *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548, 556, 104 S.Ct. 845, 850, 78 L.Ed.2d 663 (1984). In reviewing a motion for new trial, the court should "exercise judgment in preference to the automatic reversal for 'error' and ignore errors that do not affect the essential fairness of the trial." *McDonough Power Equipment*, 464 U.S. at 553, 104 S.Ct. at 848. "[T]he party seeking to set aside a jury verdict must demonstrate trial errors which constitute prejudicial error or that the verdict is not based on substantial evidence." *White v. Conoco, Inc.*, 710 F.2d 1442, 1443 (10th Cir.1983). The alleged trial court errors must be prejudicial and clearly erroneous, rather than harmless. Also, no error in the admission or exclusion of evidence, and no error in any ruling or order of the trial court or anything done or omitted by the court, can be grounds for granting a new trial unless the error or defect affects the substantial rights of the parties. *Rasmussen Drilling, Inc. v. Kerr–McGee Nuclear Corp.*, 571 F.2d 1144, 1148–49 (10th Cir.), *cert. denied*, 439 U.S. 862, 99 S.Ct. 183, 58 L.Ed.2d 171 (1978).

■ The defendants first contend that they were not transferors within the meaning of the federal odometer statute, 15 U.S.C. § 1988, and therefore, are not liable to the plaintiff. A transferor for the purpose of the federal odometer statute is defined in 49 C.F.R. § 580.3 as:

any person who transfers his ownership of a motor vehicle by sale, gift, or any means other than by the creation of a security interest, and any person who, as agent, signs an odometer disclosure statement for the transferor.

While in most cases the transferor will be one who owns the vehicle in question, under the facts of this case, the interpretation as urged by the defendants would be too narrow. There was evidence from which the jury could have properly found that all three defendants were transferors. There was evidence that defendant Shrum held an ownership interest in the vehicle and that he would either suffer the loss or realize the profit on the sale of the car. Defendant Phillips held the title, but was doing business as Mid–America Auto Auction ("MAA"), which garnered proceeds

from the sale of the vehicles. Further, the evidence could have supported a finding that all three defendants were transferors based upon a scheme of fraudulent conduct in which various acts were alleged. The court finds that the evidence is not susceptible to only one interpretation and judgment as a matter of law is not warranted.

In the alternative, the defendants move for a new trial on several bases. First, the defendants contend the court erroneously defined "transferor" in the jury instructions. The court's instruction was a definition directly out of the Code of Federal Regulations, which established definitions for use with sections 408(a) and (e) of the Motor Vehicle Information and Cost Savings Act as amended, 15 U.S.C. § 1988. Even if Instruction No. 9 improperly stated the law regarding transferors, there was enough evidence from which the jury could have found an ownership interest on the part of the defendants in the vehicle in question.

█ Second, the defendants argue generally that the verdict, including the finding of fraud, was against the great weight of the evidence. Having presided over the trial of this matter, the court finds there was ample evidence to find the defendants liable to the plaintiffs.

█ Next, the defendants contend that the amount of punitive damages awarded, $250,000 for defendants Phillips and Shrum and $100,000 for MAA, was excessive. The court disagrees. The Tenth Circuit has looked to Kansas law for the rules governing an award of punitive damages. *O'Gilvie v. International Playtex, Inc.*, 821 F.2d 1438 (10th Cir.1987). The Kansas courts have stated that punitive damages are awarded for willful and wanton violations of the plaintiff's rights, the purpose being to punish the wrongful conduct and deter others from future violations. *O'Gilvie v. International Playtex, Inc.*, 821 F.2d at 1446. The following factors have been deemed relevant to an award of punitive damages:

> The law establishes no fixed ratio between actual and exemplary damages by which to determine excessiveness. In assessing punitive damages the nature, extent, and enormity of the wrong, the intent of the party committing it, and circumstances attending the transaction involved should be considered. Any mitigating circumstances which may bear upon any of the above factors may be considered to reduce such damages.

*Id.* at 1446–47 (quoting *Binyon v. Nesseth*, 231 Kan. 381, 646 P.2d 1043 (1982)).

The evidence presented at trial was such that the jury could have determined the defendants not only sold one car that had a rolled back odometer, but that this was the tip of the iceberg and the defendants were involved in a fraudulent course of conduct to buy and sell many rollbacks. Further, the plaintiff presented evidence that, if this was occurring, it had the potential to be a very lucrative practice. While the award is high and much greater than the amount of actual damages, $5,000, the public's interest in preventing the sale of automobiles with rolled back odometers is great. There is an extensive statutory and regulatory scheme outlining odometer disclosure requirements and penalties, including criminal, for the violation of these statutes. The court cannot say that the punitive damages are excessive given the enormity of the wrong. For the unsuspecting consumer, the chance of discovering that an odometer has been rolled back is fairly slim. If this award will deter future similar conduct, the court believes that the amount of the punitive damages is well within reason. Therefore, the court finds the award of punitive damages in the total amount of $600,000 should stand.

█ The defendants further contend that the court erred in giving Instruction No. 7 with the additional language "participated in making false representations." This was part of the overall instruction regarding fraud which stated the first element as: "That defendants made or participated in making false representations as statements of existing and material fact." The court perceives no error. The defendants' concern seems to be that the jury could have found fraud by the defendants' mere presence at the auction with the vehicle. This

argument ignores the other clear language of the instruction which requires knowing or reckless representations made with intent to induce the plaintiff to act. Thus, the instruction as a whole is a correct statement of the law and should not lead the jury into the error feared by the defendants.

Finally, the defendants Phillips and MAA contend the court should have given their proposed agency instructions, which would have allowed the jury to consider whether Shrum was an agent of the auction and whether he was acting within the scope of his authority. This, contends the defendants, would have allowed the jury to determine that Shrum was not their employee or agent and could have absolved them of liability. The court determined the agency instructions were not warranted on the facts of this case and would have been confusing to the jury. There was much evidence from which the jury could have found independent liability on the part of Phillips and MAA. Further, the court notes that in their memorandum the defendants state: "Mr. Shrum of course had 'interest' in the vehicle because he purchased the car, as agent for Mr. Phillips; sold the car, as agent for Mr. Phillips; and would either by his own testimony be entitled to all the gains on the vehicle and likewise have to absorb all the losses of the vehicle." In the face of this statement, the defendants' argument that Shrum was not their agent, and the jury should have been allowed to so find, loses much of its steam. The court perceives no error in failing to give the defendants' requested agency instructions.

For the reasons stated above, the court will deny the defendants' motions for judgment as a matter of law or, in the alternative, for a new trial.

The court now turns to the plaintiff's motion for attorney's fees. The plaintiff requests an award for the Popham law firm of $61,151 and for the Law Office of Bernard E. Brown of $102,984. Further, the plaintiff requests enhancement of the award in an amount to be determined by the court because of the contingent nature of the fees, the results obtained, the magnitude of the case, the vindication of important public policies, the expense of defense counsel and the qualifications of plaintiff's counsel.

The court finds that the plaintiff's requested attorney's fees are wholly unreasonable and will not be granted. The court finds that fees will be awarded only for the prosecution of the federal odometer statute claim, for which plaintiff was awarded damages in the amount of $5,000. The court further finds that this was not an unusual nor a complex case and reminds the plaintiff that he was seeking to recover for *one* rollback, not for conspiracy under the federal odometer statute. In addition, the court will not award fees for duplicate services of two attorneys.

The court finds that, if the plaintiff wishes to pursue his request for attorney's fees, he must re-submit a reasonable request without charges for services unrelated to the federal odometer statute claim. While there may be some overlap for services devoted both to the common law fraud claim and the federal odometer statute claim, the court is not convinced that the plaintiff is entitled to an award that does not differentiate between the two. Therefore, the plaintiff should submit his request with this reservation in mind. The court will further order that counsel for the plaintiff consult again, and more fully, with counsel for the defendants as provided in D.Kan. Rule 220. While the court will not hesitate to set the amount of attorney's fees to be awarded, the preferable outcome is for the parties to reach an agreement on this matter. The parties will be given an additional 45 days to reach such an agreement or submit a new request to the court.

IT IS BY THE COURT THEREFORE ORDERED that the defendants motions for judgment as a matter of law, or in the alternative for a new trial (Docs. 190 and 192), are denied.

IT IS FURTHER ORDERED that the plaintiff's motion for attorneys' fees (Doc. 198) is denied upon the present showing.

**688**

IT IS FURTHER ORDERED that any further request for attorneys' fees is to be submitted on or before December 28, 1992.