992 F.2d 1222
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Linda CLARE, Plaintiff-Appellant,
v.
UINTA COUNTY SCHOOL DISTRICT NO. 4, Defendant-Appellee.
 No. 92-8035.
 United States Court of Appeals, Tenth Circuit.
 April 23, 1993.
 
 Before SEYMOUR and ANDERSON, Circuit Judges, and RUSSELL,* District Judge.
 ORDER AND JUDGMENT**
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals from district court orders denying her relief on claims alleging breach of contract, under state law, and deprivation of a property interest without due process, under 42 U.S.C. § 1983.[1] These claims stem from defendant's decision to terminate plaintiff's part-time custodial position, consolidating that position with another part-time position to make one full-time job. Following this consolidation, defendant hired a man, rather than plaintiff, to fill the full-time position.
 
 
 3
 The district court granted defendant's motion for summary judgment on plaintiff's state law breach of contract claim. Summary judgment is appropriate only if there is no genuinely disputed material issue of fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). We review a summary judgment decision de novo, viewing the record in the light most favorable to the nonmoving party. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991). The parties agree that Wyoming law governs this claim. Upon careful consideration of the record and the parties' arguments on appeal, we are not persuaded that the district court erred. Plaintiff admitted that she never saw any of the policies of defendant upon which she bases her contract claim. In order to have a binding contract, "there must be a meeting of the minds as to the terms and conditions of the agreement ... both parties must assent to the agreement." Jackson Hole Builders v. Piros, 654 P.2d 120, 122 (Wyo.1982). Because plaintiff was unaware of the policy manual during her employment with defendant, the manual could not have created an employment contract between the parties. We affirm summary judgment for defendant on the breach of contract claim substantially for the reasons stated in the district court's order dated October 31, 1991.
 
 
 4
 Following plaintiff's presentation to a jury of her case in chief supporting her § 1983 due process claim, the district court granted defendant's motion for a directed verdict. We review the district court's decision de novo. Riggs v. Scrivner, Inc., 927 F.2d 1146, 1149 (10th Cir.), cert. denied, 112 S.Ct. 196 (1991). "A directed verdict is appropriate only if the evidence, viewed in the light most favorable to the nonmoving party, 'points but one way and is susceptible to no reasonable inferences supporting' the nonmoving party." Id. (quoting Zimmerman v. First Fed. Sav. & Loan Ass'n, 848 F.2d 1047, 1051 (10th Cir.1988)). Our review of the record and Wyoming law convinces us that the Board never properly promulgated the policy manual upon which plaintiff relies to support her property interest. Accordingly, we affirm the directed verdict for substantially the reasons stated in the district court's order dated June 3, 1992.
 
 
 5
 The judgment of the United States District Court for the District of Wyoming is AFFIRMED.
 
 
 
 *
 Honorable David L. Russell, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The district court also denied plaintiff relief on claims alleging gender discrimination under Title VII, 42 U.S.C. §§ 2000e-2000e-17, and 42 U.S.C. § 1983, violation of the Wyoming constitution, and the deprivation of a liberty interest without due process, also asserted under 42 U.S.C. § 1983. Plaintiff does not appeal the district court's denial of relief on these causes of action