999 F.2d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jason STEGE, Justin Stege, Plaintiffs-Appellants,
v.
C. Joseph GIRARD, Mitchell B. Trimmer, Defendants-Appellees.
 No. 92-2231.
 United States Court of Appeals, Tenth Circuit.
 June 29, 1993.
 
 Before SEYMOUR and TACHA, Circuit Judges, and ROGERS,* Senior District Judge.
 ORDER AND JUDGMENT**
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 In this civil rights action, 42 U.S.C. § 1983, plaintiffs appeal the district court's decision directing a verdict in favor of defendants following the close of plaintiffs' case-in-chief. This litigation stems from an incident during which defendants, Los Alamos, New Mexico, police officers, entered plaintiffs' home during the course of a party involving underage individuals drinking beer and arrested plaintiffs without either search or arrest warrants. The district court determined that defendants were entitled to qualified immunity and, alternatively, that they were, as a matter of law, entitled to judgment in their favor because they had acted lawfully.
 
 
 3
 This court reviews a directed verdict de novo. See First Sec. Bank v. Taylor, 964 F.2d 1053, 1055 (10th Cir.1992) (reviewing denial of directed verdict). "A directed verdict is appropriate only if the evidence, viewed in the light most favorable to the nonmoving party, 'points but one way and is susceptible to no reasonable inferences supporting' the nonmoving party." Riggs v. Scrivner, Inc., 927 F.2d 1146, 1149 (10th Cir.) (quoting Zimmerman v. First Fed. Sav. & Loan Ass'n, 848 F.2d 1047, 1051 (10th Cir.1988)), cert. denied, 112 S.Ct. 196 (1991). Because we conclude that defendants were entitled to qualified immunity, we need not address whether defendants' conduct was lawful.
 
 
 4
 "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action, ... assessed in light of the legal rules that were 'clearly established' at the time it was taken." Anderson v. Creighton, 483 U.S. 635, 639 (1987) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 819 (1982)). Once defendants asserted qualified immunity, plaintiffs bore the burden of establishing both that defendants' alleged conduct violated the law and that the law was clearly established when the alleged violation occurred. See Patrick v. Miller, 953 F.2d 1240, 1243 (10th Cir.1992). Because plaintiffs failed to establish that defendants' alleged conduct violated law clearly established at the time of this incident, defendants were entitled to qualified immunity.
 
 
 5
 Plaintiffs argue, among other things, that the offenses involved in this case are not sufficiently serious to justify the warrantless entry. Under New Mexico law, the offenses implicated by these circumstances include disorderly conduct and the possession by, and the provision of liquor and alcoholic beverages to, those under age twenty-one, which are petty misdemeanors, see N.M.Stat. §§ 30-20-1, 60-7B-1D, 60-7B-1.1F; see also N.M.Stat. § 60-7A-25A (persons violating any provision of New Mexico's Liquor Control Act that is not designated as a felony, are guilty of a petty misdemeanor), punishable by not more than six months' imprisonment or a fine of no more than $500, or both, see N.M.Stat. § 31-19-1. The offense of contributing to the delinquency of a minor, a fourth degree felony, see N.M.Stat. § 30-6-3, punishable by eighteen months' imprisonment and a $5,000 fine, see N.M.Stat. § 31-18-15, was also implicated.
 
 
 6
 At the time of this incident, June 29, 1991, the Supreme Court had held that a noncriminal civil forfeiture offense for which no imprisonment was possible was not a sufficiently serious offense to justify a warrantless entry, despite the existence of probable cause and exigent circumstances. Welsh v. Wisconsin, 466 U.S. 740, 754 (1984). Further, this court had held that a misdemeanor punishable by less than one year's imprisonment could be a sufficiently serious offense to justify a warrantless home entry. See Bledsoe v. Garcia, 742 F.2d 1237, 1241 (10th Cir.1984).
 
 
 7
 While the existence of clearly established law does not require that there be relevant authority addressing the specific circumstances presented in this particular case, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson, 483 U.S. at 640. The law at the time of this incident did not clearly establish whether these offenses were sufficient to justify a warrantless entry based upon probable cause and exigent circumstances. We, therefore, agree with the district court that an objectively reasonable officer could have believed that the warrantless entry was lawful.
 
 
 8
 Plaintiffs' remaining arguments are unpersuasive. The judgment of the United States District Court for the District of New Mexico is, therefore, AFFIRMED.
 
 SEYMOUR, Circuit Judge, dissenting:
 
 9
 I dissent.
 
 
 
 *
 Honorable Richard D. Rogers, United States District Judge for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3