21 F.3d 427
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Ashley C. DABBS, Jr., Plaintiff-Appellant,
v.
Christopher BOLIN, Defendant-Appellee.
 No. 93-5590.
 United States Court of Appeals, Sixth Circuit.
 March 23, 1994.
 
 Before: SILER, Circuit Judge, ENGEL, Senior Circuit Judge, and MILES, Senior District Judge*
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Ashley C. Dabbs, Jr. appeals the district court's order awarding attorneys' fees to defendant-appellee Christopher Bolin in this action filed under 42 U.S.C. Sec. 1983. For the reasons which follow, we affirm.
 
 
 2
 * In this civil rights action, Dabbs claimed, inter alia, that Clarksville, Tennessee police officer Scott Cutler used excessive force while arresting him on drunken driving charges, in violation of the Fourth Amendment. This claim was ultimately tried to a jury, resulting in a verdict in favor of Cutler. In a companion appeal, Dabbs v. Cutler, No. 93-5003 (6th Cir. March 1, 1994), we affirmed the judgment of the district court on this claim against Cutler. Many of the pertinent facts surrounding the arrest are set forth in our opinion in that case. Some additional facts pertinent to Dabbs' claims against appellee Christopher Bolin and the court's award of attorneys' fees at issue in this case are set forth below.
 
 II
 
 3
 During his arrest, Dabbs, who suffers from a medical condition which causes his bones to be extremely brittle, had his arm broken by Cutler, who was attempting to apply handcuffs. Appellee Christopher Bolin, the superior officer on the scene, apparently played no role in the handcuffing. Upon being informed that Cutler had broken Dabbs' arm, Bolin ordered that Dabbs be taken by patrol car to the hospital, where Dabbs underwent surgery to repair his arm. Dabbs was ultimately convicted after a jury trial in Tennessee state court on a misdemeanor charge of driving under the influence ("DUI") and on a misdemeanor charge of assault.[1]
 
 
 4
 In his complaint, Dabbs asserted four claims against Bolin. In Count I of the complaint, he alleged that Bolin violated his rights under the Fourth and Fifth Amendments by failing to properly supervise his subordinates. In Count II of the complaint, Dabbs alleged that Bolin violated his rights under the Fourth Amendment by using unjustified and excessive force against him. In Count III of the complaint, Dabbs alleged that Bolin and the other officers violated his rights under the Fifth and Fourteenth Amendments by "trumping up" false aggravated assault charges against him. Finally, although this particular claim was not alleged as a separate count, Dabbs alleged that after his arm was broken, Bolin exhibited deliberate indifference to his serious medical needs by ordering that he be taken to the hospital in a patrol car rather than in an ambulance.
 
 
 5
 The depositions of all parties to the action were taken on November 6, 1990. Believing that the depositions showed that his client was not culpable, on November 19, 1990, counsel for Bolin sent a letter to Dabbs' counsel, requesting that he voluntarily dismiss Bolin from the action in order to prevent the expense of a summary judgment motion and in order to avoid assessment of attorneys' fees and costs. On November 26, 1990, Dabbs' counsel responded that "[u]nder no circumstances" would he dismiss the suit against Bolin.
 
 
 6
 On June 18, 1991, Bolin filed his motion for summary judgment. On July 11, 1991, the court held a pretrial conference. At the conference, Dabbs made an oral motion to voluntarily dismiss Bolin from the action with prejudice. The court granted the motion. On August 12, 1991, Bolin filed a motion for attorneys' fees and costs under 42 U.S.C. Sec. 1988 and Fed.R.Civ.P. 11, seeking an award of fees and expenses incurred by Bolin after it became clear that the action against him was groundless. Bolin requested fees of $7,370.50 and costs of $314.40. Dabbs opposed the motion.
 
 
 7
 The district judge referred Bolin's fee motion to the United States Magistrate for resolution. After a hearing, the magistrate issued a memorandum and order granting Bolin's motion under Sec. 1988 and awarding attorneys' fees in the amount of $4,846 and costs in the amount of $219.97, to be payable by Dabbs and his counsel. In awarding this amount, which represented fees and costs incurred since November, 1990, the magistrate specifically found that Dabbs' refusal to dismiss the action against Bolin was unreasonable because by that time no reasonable person could think that he would succeed on any of the claims against Bolin. Dabbs sought review of this order by the district judge. On March 4, 1993 the district judge issued an order adopting the magistrate's decision. However, he did modify the magistrate's order to clarify that the award of costs and fees against Dabbs and his counsel was to be joint and several. Dabbs timely appealed the district court's order.[2]
 
 III
 
 8
 In Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978), the Supreme Court articulated the criteria governing an award of attorneys' fees to a prevailing defendant in a civil rights action. The Court stated that
 
 
 9
 a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.
 
 
 10
 Id. at 422. Though Christiansburg was a Title VII case, this circuit has applied this same standard to awards of attorneys' fees to defendants under 42 U.S.C. Sec. 1988.[3] Tarter v. Raybuck, 742 F.2d 977, 984-88 (6th Cir.1984), cert. denied, 470 U.S. 1051 (1985). "The standard of appellate review of a district court's award of attorney's fees to a prevailing party under Sec. 1988 is whether the trial court abused its discretion in making or denying the award." Id. at 986.
 
 
 11
 Dabbs' argument that the district court erred in awarding fees and costs to Bolin under 42 U.S.C. Sec. 1988 is two-pronged. First, he argues that the district court erred in failing to consider that he had a cause of action against Bolin under Count III of the complaint, in which he claimed that Bolin and the other defendants conspired to file false criminal charges against him. Second, he argues that the district court erred in its assessment that the medical evidence did not support a claim of deliberate indifference by Bolin to his serious medical needs.[4]
 
 
 12
 Dabbs is correct insofar as he argues that neither the magistrate nor the district judge specifically addressed whether Dabbs' claim that Bolin conspired with the other defendants to "trump up" false criminal charges against him was frivolous, unreasonable, or groundless.[5] However, even though the district court did not analyze whether this particular claim had any merit, we conclude as a matter of law that this claim was frivolous.
 
 
 13
 Dabbs' claim that Bolin conspired with the other defendants to "trump up" false criminal charges against him was apparently based on the fact that he was charged with aggravated assault under Tenn.Code Ann. Sec. 39-13-102, a felony. Dabbs' claim, culled to its essence, was a malicious prosecution claim. However, this circuit has held that where probable cause for an arrest and prosecution exists, an allegation of malicious prosecution cannot form the basis for a Sec. 1983 action.[6] Braley v. City of Pontiac, 906 F.2d 220, 226-27 (6th Cir.1990). Braley v. City of Pontiac was decided in June, 1990--before Bolin asked Dabbs to dismiss the case against him. Because the law of this circuit did not support Dabbs' claim after June, 1990, we conclude that the district court did not abuse its discretion in making an award of fees under Sec. 1988 for litigation of this claim after Bolin's November, 1990 letter requesting that Dabbs dismiss the claim.
 
 
 14
 Dabbs also argues that the magistrate erroneously concluded that the medical evidence precluded causation of any injury which would support a claim against Bolin based on deliberate indifference to serious medical needs. Deliberate indifference to the serious medical needs of a pretrial detainee is actionable under 42 U.S.C. Sec. 1983. Roberts v. Troy, 773 F.2d 720, 723 (6th Cir.1985). As stated in the complaint, Dabbs' medical needs claim against Bolin was based on Bolin's failure to order the officers on the scene to call an ambulance. However, Dabbs did not show how an ambulance could have transported him to the hospital for treatment any more quickly than the waiting patrol car. We therefore conclude that the district court did not abuse its discretion in awarding attorneys' fees and costs to Bolin after Dabbs refused to dismiss this claim.
 
 
 15
 Dabbs also argues that the district court erred in assessing fees and costs which were incurred beyond November, 1990, when Bolin proposed that Dabbs agree to a voluntary dismissal. Dabbs contends that in his order assessing fees and costs, the magistrate stated that he would grant Bolin's fee motion "only for the preparation of and presentation of the summary judgment motion." Joint Appendix at p. 254. However, Dabbs argues, Bolin's summary judgment motion was not filed until June, 1991 and preparation of the motion did not begin until May 25, 1991. Notwithstanding this fact, Dabbs continues, the court awarded fees and costs for work dating back to November, 1990.
 
 
 16
 The magistrate specifically found that Dabbs' attorney became clearly aware that his client was without the facts necessary to continue to pursue his claims against Bolin prior to the time Bolin's attorney did the work on the summary judgment motion. He also found that Dabbs' refusal of the request to dismiss was unreasonable because by that time no reasonable person could think that he would succeed on any of the claims against Bolin. The district court found that the magistrate's findings and conclusions were correct in all respects and affirmed the award of fees and costs against Dabbs. Having reviewed the record which was before the district court, we conclude that the district court's action was not an abuse of discretion.[7]
 
 
 17
 Bolin has requested that we award him his attorneys' fees incurred in defending against this appeal. Although this court has the authority to award a defendant his attorneys' fees incurred on appeal, 28 U.S.C. Sec. 1912, if it finds that the appeal was frivolous, unreasonable, or without foundation, Fed.R.App.P. 38; Wrenn v. Gould, 808 F.2d 493, 504 (6th Cir.1987), we decline to do so in this case.
 
 IV
 
 18
 For the foregoing reasons, we AFFIRM.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 Dabbs was also charged in Kentucky state court with DUI, eluding an officer, and speeding. He entered a plea of guilty to the Kentucky charges
 
 
 [2]
 Although the district court's order applied to both Dabbs and his counsel, the notice of appeal from the order did not specify, in the form required by Minority Employees v. Tennessee Dep't of Employment Sec., 901 F.2d 1327 (6th Cir.) (en banc), cert. denied, 498 U.S. 878 (1990), that Dabbs' counsel was a party to this appeal. Though not a party to the case below, Dabbs' counsel was a party aggrieved by the district court's order and therefore he could have appealed. See Riggs v. Scrivner, Inc., 927 F.2d 1146, 1150 (10th Cir.1991) (appeal by plaintiff of imposition of sanctions against plaintiff's attorney dismissed for lack of jurisdiction), cert. denied, 112 S.Ct. 196 (1991). Because Dabbs' counsel was not named in the notice of appeal, Dabbs is the only appellant properly before us and we therefore will not address whether the district court properly assessed fees against Dabbs' counsel pursuant to 28 U.S.C. Sec. 1927
 
 
 [3]
 Before its 1991 amendment, 42 U.S.C. Sec. 1988 provided in pertinent part:
 In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.
 
 
 [4]
 Dabbs does not argue that the district court erred in evaluating the merits of his other claims against Bolin. We therefore do not address the merits of those claims
 
 
 [5]
 In his order awarding attorneys' fees, the magistrate specifically stated that Dabbs was proceeding on three theories of recovery: the excessive force theory, the failure to supervise theory, and the deliberate indifference to medical needs theory
 
 
 [6]
 Dabbs, who was convicted after a jury trial on misdemeanor charges of DUI and assault, was obviously properly arrested on these charges. The record contains no evidence showing that the aggravated assault charge on which Dabbs was ultimately acquitted resulted in a deprivation of his liberty beyond that stemming from his legal arrest on DUI and misdemeanor assault charges
 
 
 [7]
 We note that in awarding fees and costs incurred by Bolin since November, 1990 with respect to the medical needs claim, the magistrate relied in part on the deposition testimony of Dabbs' treating physician, Dr. W. Cooper Beazley, although Dr. Beazley was not deposed until April 1, 1991. However, while the doctor's testimony provides additional support for the finding that Dabbs' refusal to dismiss was unreasonable, we are unable to conclude that the district court abused its discretion in awarding attorneys' fees and costs for Dabbs' continued litigation of the medical needs claim after November, 1990