**Nancy Doherty MILLER, Plaintiff,**

v.

**BANK SOUTH CORPORATION, Defendant.**

**Civil Action No. 1:94–CV–1224–JOF.**

United States District Court,
N.D. Georgia,
Atlanta Division.

March 31, 1997.

Catherine Fitzgerald Duclos, Kim Kiel Thompson, Thompson, Duclos, Rollins & Bryan, Atlanta, GA, for Plaintiff.

Daniel M. Shea, Marty Norenburg Martenson, Smith, Currie & Hancock, Atlanta, GA, for Defendant.

## ORDER

FORRESTER, District Judge.

This employment discrimination action is before the court on the Special Master's Report of Magistrate Judge Gerrilyn G. Brill [47–1] and Plaintiff's Objections thereto [48–1].

## I. STATEMENT OF THE CASE

Plaintiff Nancy Doherty Miller commenced this action alleging that Defendant Bank South, N.A., discriminated against her based upon her pregnancy by terminating her employment in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, as amended, and the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k), as amended. Pursuant to Internal Operating Procedure 920–2, the court has provided for automatic reference of Title VII actions to the magistrate judges as a method to meet Congress's intent to expedite Title VII cases. *Parker v. Dole,* 668 F.Supp. 1563, 1572 (N.D.Ga.1987) (Hall, J.); *see also* 42 U.S.C. § 2000e–5(f)(5) (Title VII actions should be scheduled for a hearing "at the earliest practicable date" and must be "in every way expedited"). After this court denied a joint motion to withdraw the reference, Magistrate Judge Brill conducted a bench trial sitting as Special Master pursuant to 42 U.S.C. § 2000e–5(f)(5), *Fed.R.Civ.P.* 53, and IOP 920–2 in January 1996. The code section which provides for this reference contains no requirements that the issues be complex before the reference can be made.

In accordance with *Fed.R.Civ.P.* 53(a)(1), Magistrate Judge Brill issued and filed with the Clerk of Court a Special Master's Report, which set forth her findings of fact and conclusions of law, on or about July 23, 1996. Unfortunately, the order for service that accompanied the Report erroneously indicated that Magistrate Judge Brill had issued the Report under 28 U.S.C. 636(b)(1) and that *this* court could adopt the Report as the opinion and order of this court if the parties failed to file objections. Based upon the misperception that this court might merely adopt the recommendation within the Report and enter judgment in favor of Defendant accordingly, Plaintiff filed objections that largely reiterate her demand for a full and fair jury trial and indicate that IOP 920–2 is inconsistent with a right to a jury trial and *Fed.R.Civ.P.* 53. Plaintiff has not filed any objections that address the findings of fact or conclusions of law set forth within the Special Master's Report itself.

## II. DISCUSSION

■ This court does not intend to deny Plaintiff's right to a jury trial or to issue an order adopting the Special Master's Report pursuant to 28 U.S.C. § 636(b)(1) with a judgment in favor of Defendant to follow. In issuing this Report, Magistrate Judge Brill was acting as a Special Master in an action to be tried by a jury pursuant to *Fed.R.Civ.P.* 53(e)(3). *See also* 28 U.S.C. § 636(b)(2). The provisions of this rule describing a special master's authority under a district court's reference also provide for the manner in which the Report may be used at trial. *Fed.R.Civ.P.* 53(e)(3) explicitly states:

> In an action to be tried by a jury the master shall not be directed to report the evidence. The master's findings upon the issues submitted to the master are admissible as evidence of the matters found and may be read to the jury, subject to the ruling of the court upon any objections in point of law which may be made to the report.

*Fed.R.Civ.P.* 53(e)(3).

A jury trial in which a special master's report is involved does not occur frequently, and there is a paucity of case law to provide guidance in these matters. As best as this court can determine, however, the posture of this case raises two distinct sets of issues. One deals with the interplay between *Fed.R.Civ.P.* 53(e)(3) specifications as to the possible use of the special master's report at trial and any Seventh Amendment concerns about interference with a right to a jury trial. The other set of issues deals with the objections and the proper content of such a report.

In *Boyd Callan, Inc. v. United States,* 328 F.2d 505 (5th Cir.1964), the former Fifth Circuit found that it was error to submit a special master's report to a jury where the issues were not complex. The former Fifth

Circuit seemed disturbed that under the circumstances, the submission of the report somehow interfered with the right to a trial by jury. *Id.* at 507–08. In an earlier opinion in the case of *In re Watkins*, 271 F.2d 771 (5th Cir.1959), the former Fifth Circuit granted a writ of mandamus where a judge made a reference in a matter without any complex issues. In granting the mandamus, the court acknowledged the interest in protecting the parties from the possibility of two trials. *Id.* at 775.

One must view these two cases as stating the law in the ordinary case where complexity of issues is the *sine qua non* of a valid reference to a special master. Under the circumstances at bar, however, 42 U.S.C. § 2000e–5(f)(5) imposes no such requirement. Instead, the special interest to be served by a special master reference pursuant to 42 U.S.C. § 2000e–5(f)(5) is an opportunity for a more speedy resolution of issues which may have real and very immediate ramifications for the plaintiff and for others seeking a workplace that is free of discrimination.

Today, it is thought to be good judicial management to utilize mandatory alternative dispute resolution to attempt to resolve disputes without a formal trial. The possibility that court-annexed, mandatory, non-binding arbitration may result in two trials is not seen as abridging the Seventh Amendment. *See Riggs v. Scrivner, Inc.*, 927 F.2d 1146, 1147–48 (10th Cir.), *cert. denied*, 502 U.S. 867, 112 S.Ct. 196, 116 L.Ed.2d 156 (1991). In contrast, there has never been a serious doubt that the automatic use of a special master without these unexceptional circumstances, including the furnishing of a special master's report to a jury, could constitute a major invasion into the province of a jury and absolute violation of the Seventh Amendment. *See, e.g., Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 478–79, 82 S.Ct. 894, 900, 8 L.Ed.2d 44 (1962).

After reviewing the authority that discusses the implications and practice of *Fed.R.Civ.P.* 53(e)(3), the court believes that a special master's report primarily ought to include findings of facts going to the ultimate issues of the case rather than analysis of the evidence yielding the special master's conclu-

sions. Legal analysis in a case where there is a jury demand is appropriate only to the extent that they provide a proper context for the special master's findings of facts. *See, e.g., Charles A. Wright, Inc. v. F.D. Rich Co.*, 354 F.2d 710, 714 (1st Cir.), *cert. denied*, 384 U.S. 960, 86 S.Ct. 1586, 16 L.Ed.2d 673 (1966); see *also*, 4 **Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure** § 2613 (1995); **5A James W. Moore et al., Moore's Federal Practice** ¶ 53.14[4] (2d ed.1996).

As a final note, *Fed.R.Civ.P.* 53(e)(3) clearly contemplates that the parties may have objections to the extent that the special master has reported evidence or otherwise incorporated or relied upon erroneous conceptions or conclusions of law. *See* **Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure** § 2613 (1995); **5A James W. Moore et al., Moore's Federal Practice** ¶ 53.14[5] (2d ed.1996); see also, *Charles A. Wright, Inc.*, 354 F.2d at 714. The court believes it advisable to resolve any such objections raised in light of these findings prior to trial.

Accordingly, the court DIRECTS the parties to file any specific objections to the Special Master's Report within ten (10) days of the date of this order. The Clerk of the Court shall refer any such objections to Magistrate Judge Brill. Upon review of these objections or the expiration of this time period, the Magistrate Judge, in her capacity as Special Master, may decide to make revisions or decline the opportunity accordingly. She should also revise her Report to the extent necessary to comport with the special requirements of *Fed.R.Civ.P.* 53(e)(3). The Clerk of Court thereafter shall resubmit this matter directly to this court for trial.

### III. CONCLUSION

As the court construed the objections to the Report, Plaintiff merely sought to preserve her right to a jury trial and to prevent this court from erroneously entering judgment in favor of Defendant without a trial. These objections, however, are OVER-

RULED for the reasons discussed above [48–1].

SO ORDERED.