**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**June 2, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

DARREL BAILEY,

     Defendant - Appellant.

No. 25-1301
(D.C. No. 1:94-CR-00152-WJM-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.[**]

_____

In 1990, a federal trial jury in the Northern District of Illinois found Defendant

Darrel Bailey guilty of one count of bank robbery with a dangerous weapon in violation

of 18 U.S.C. § 2113(d), two counts of possessing a firearm following a felony

conviction in violation of 18 U.S.C. § 922(g), and one count of using a firearm during

a crime of violence in violation of 18 U.S.C. § 924(c).  *United States v. Bailey*,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

No. 90-CR-21 (N.D. Ill. 1990). The district court sentenced Defendant to 35 years in prison to be followed by a three-year term of supervised release. While Defendant was serving this sentence, another federal trial jury in 1994, this time in the District of Colorado, found him guilty of two counts of assaulting a federal prison employee at the penitentiary where he was incarcerated in violation of 18 U.S.C. § 111(a). *United States v. Bailey*, No. 94-CR-152 (D. Colo. 1994). For these latter two offenses, the district court sentenced Defendant to three years and one month in prison to be served consecutively to the undischarged term of imprisonment imposed in the Northern District of Illinois. The court also sentenced Defendant to a three-year term of supervised release to be served concurrently with the three-year term of supervised release imposed for his previous criminal convictions.

Defendant began serving his concurrent terms of supervised release upon his discharge from prison in March 2023. In June 2023, jurisdiction over his first prosecution was transferred from the Northern District of Illinois to the District of Colorado. *United States v. Bailey*, No. 23-CR-280 (D. Colo. 2023). Defendant's original terms of supervised release were scheduled to end in March 2026. In June and July 2025, Defendant, appearing pro se, filed four largely incomprehensible motions in the district court for the District of Colorado. The court liberally and reasonably construed Defendant's motions as a request pursuant to 18 U.S.C. § 3583(e)(1) to end his supervised release early. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent

2

standard than formal pleadings drafted by lawyers."). In August 2025, the court denied his motions:

> The Court gathers, based on the titles of his various motions, that [Defendant] seeks to end his supervised release early. But the Court struggles to understand why [Defendant] believes this is warranted. He seems to at times vaguely allude to various alleged misconduct committed by several government actors throughout his filings. . . . But most, if not all, of his assertions are incomprehensible. And none correspond to the criteria listed in section 3583(e)(1). Indeed, the Court has been unable to decipher any parts of his various motions to suggest that his conduct merits early termination of his supervised release.

*Bailey*, No. 94-CR-152, Order at 2 (Aug. 1, 2025). Defendant appealed the same month. Our jurisdiction arises under 28 U.S.C. § 1291. *See United States v. Baker*, 716 F. App'x 775, 776 (10th Cir. 2017) (unpublished) (exercising jurisdiction over an appeal of a district court order denying defendant's motion to modify his term of supervised release). Given events subsequent to the filing of his notice of appeal, we now dismiss Defendant's appeal as moot.

In January 2026, *while Defendant remained subject to the terms of his supervised release* and with this appeal pending, the United States Probation Office filed a petition to commence revocation proceedings against Defendant based on two violations of the conditions of his supervised release, specifically (1) his failure to register as a sex offender in violation of Colorado state law, and (2) his failure to follow the instructions of his probation officer to comply with state law by registering as a sex offender. (In 1980, Defendant was convicted in California state court of forcible rape). In April 2026, after his original concurrent three-year terms of supervised release had been set to expire, the district court found Defendant had violated the

3

conditions of his release as alleged in the probation office's petition. The court revoked Defendant's supervised release and sentenced him to six months' imprisonment to be followed by a one-year term of supervised release. Now pending in the Tenth Circuit are two appeals in addition to this one. Appeal No. 26-1115 is Defendant's appeal from the revocation of supervised release imposed in the District of Colorado. Appeal No. 26-1116 is Defendant's appeal from the revocation of supervised release imposed in the Northern District of Illinois. Defendant is represented by court-appointed counsel in both appeals.

Defendant is presently incarcerated at the federal penitentiary in El Reno, Oklahoma for violating the conditions of his original concurrent three-year terms of supervised release that were set to expire in March 2026. Because Defendant currently is no longer on supervised release, he is no longer eligible for early termination of his supervised release under 18 U.S.C. § 3583(e)(1).[1] Moreover, *assuming* this Court was to decide the district court erred in finding Defendant had violated the conditions of the supervised release imposed as a result of his 1990 and 1994 convictions—the question pending in the two appeals noted above—then Defendant would no longer be subject to any term of supervised release because his three-year original terms expired in March 2026. Because we are unable to grant Defendant any meaningful relief from

---

[1] Section 3583(e)(1) provides that after considering the applicable section 3553(a) factors, a district court "may . . . terminate a term of supervised release at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

4

the district court's order denying his motion to terminate his original terms of supervised release before they were set to expire, this appeal is constitutionally moot. *See United States v. Mijia-Amador*, 735 F. App'x 961, 962 (10th Cir. 2018) (unpublished) (explaining that if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatsoever to the appellant, an Article III case or controversy no longer exists and the appeal must be dismissed as moot).

APPEAL DISMISSED FOR WANT OF JURISDICTION; ALL PENDING MOTIONS DENIED AS MOOT.[2]

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[2] This appeal's docket sheet indicates Defendant presently has fourteen motions of various sorts pending before us. The Clerk of Court has docketed Defendant's latest filing as a Petition for a Writ of Certiorari to the Supreme Court of the United States. We note that such filing does not divest us of jurisdiction to resolve this appeal. *See United States, ex rel. Escobar v. Universal Health Serv., Inc.*, 842 F.3d 103 (1st Cir. 2016) ("[T]he mere act of filing a petition for certiorari does not deprive the [lower] court of jurisdiction."); *see also Riggs v. Scrivener, Inc.*, 927 F.2d 1146, 1148 (10th Cir. 1991) ("[A] premature notice of appeal is ineffective to transfer jurisdiction from the district court to the court of appeals."), *superceded in part on other grounds by* Fed. R. App. P. 3(c).