51 F.3d 286
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Douglas M. KEMP, Plaintiff-Appellant,
v.
Richard P. HEUCKENDORF, Defendant-Appellee.
 No. 93-6416.
(D.C. No. CIV-93-48-H)
 United States Court of Appeals, Tenth Circuit.
 April 4, 1995.
 ORDER AND JUDGMENT[1]
 
 1
 Before KELLY and SETH, Circuit Judges, and KANE,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Douglas M. Kemp, a former employee of the Oklahoma Department of Veterans Affairs, commenced an action against defendant Richard P. Heuckendorf, director of the department, pursuant to 42 U.S.C.1983 alleging violation of his First and Fourteenth Amendment rights to free speech due to defendant's termination of plaintiff's employment. The magistrate judge, who decided this case upon the consent of the parties, granted summary judgment for defendant, and this appeal followed.
 
 
 4
 As a threshold matter, we address our jurisdiction to consider this appeal. After the magistrate judge granted summary judgment for defendant and entered final judgment on November 12, 1993, plaintiff filed a notice of appeal on December 13, 1993. The caption of the notice of appeal read "DOUGLAS M. KEMP, Plaintiff, -vsRICHARD P. HEUCKENDORF, Defendant." Appellant's app. at 45. The body of the notice of appeal, however, stated "[n]otice is hereby given that Sharon Pierce hereby appeals to the United States Court of Appeal[s] for the Tenth Circuit from the final judgment entered in this action on the 12th day of November, 1993." Id. The notice of appeal was signed by counsel as "Attorneys for Plaintiff." Id.
 
 
 5
 Federal Rule of Appellate Procedure 3(c) provides that "[a] notice of appeal must specify the party ... taking the appeal by naming [the] appellant in either the caption or the body of the notice of appeal." "An appeal will not be dismissed ... for failure to name a party whose intent to appeal is otherwise clear from the notice." Id.
 
 
 6
 Plaintiff argues that the notice of appeal meets the requirements of Rule 3(c) because the caption and the signature of counsel as attorney for plaintiff show plaintiff's clear intent to appeal, see Tri-Crown, Inc. v. American Fed. Sav. & Loan Ass'n, 908 F.2d 578, 580 (10th Cir.1990), thereby overcoming the inadvertent listing of another client's name in the body of the notice of appeal. We agree.
 
 
 7
 The mistake in the notice of appeal created no confusion concerning the actual appellant. Cf. Southwestern Media, Inc. v. Rau, 708 F.2d 419, 422 n. 2 (9th Cir.1983)(mere mistaken name of appellant on notice of appeal did not mislead anyone or defeat jurisdiction). Sharon Pierce was not a party to the action and had no standing to appeal. See Concorde Resources, Inc. v. Woosley (In re Woosley), 855 F.2d 687, 687 (10th Cir.1988). Plaintiff was the only plaintiff in the action, and therefore only he was aggrieved by the judgment and could appeal. See id. at 688.
 
 
 8
 Thus, the notice of appeal fulfilled its purpose of ensuring notice to defendant and the court of plaintiff's intent to appeal. See Smith v. Barry, 502 U.S. 244, 112 S.Ct. 678, 682 (1992); see also 16 Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure 3949 at 440 (1994 Supp.) ("Defects in the wording of the notice of appeal are generally overlooked if the true intentions of the appellant can fairly be ascertained, if the courts have not been misled, and if the other parties have suffered no prejudice."). We conclude the notice of appeal is sufficient to confer jurisdiction on this court, as it is the "functional equivalent" of what Rule 3(c) requires. See Torres v. Oakland Scavenger Co., 487 U.S. 312, 317 (1988).
 
 
 9
 On appeal, plaintiff argues that the magistrate judge erred in finding that plaintiff's speech was not a matter of public concern and therefore his employment termination did not violate the First and Fourteenth Amendments. We cannot review this argument because plaintiff failed to file an appendix sufficient for our informed consideration and determination of the argument.
 
 
 10
 Tenth Circuit Rule 30.1.1 directs an appellant's counsel to provide an appendix sufficient for consideration and determination of the issues on appeal. Rule 30.1.1 refers to 10th Cir. R. 10.3 for items to be included or excluded from the appendix. As is relevant to this appeal from an order granting summary judgment, Rule 10.3 required plaintiff to include (1) the complaint and answer, 10th Cir. R. 10.3.1; (2) the district court order, id.; (3) the notice of appeal, id.; and (4) the relevant portions of the briefs, affidavits, and other documents filed in support of or opposition to the summary judgment motion, 10th Cir. R. 10.3.2.
 
 
 11
 Plaintiff's appendix contains only his brief in opposition to the motion for summary judgment, the memorandum opinion, the judgment, the notice of appeal, the amended notice of appeal, and the district court's docket entries. Due to the omission of important pleadings and supporting evidentiary material, especially plaintiff's affidavit attached to his opposition to the motion for summary judgment, plaintiff's appendix is not in compliance with our rules.
 
 
 12
 Because plaintiff failed to provide the evidentiary materials necessary to consider whether the district court erred in granting summary judgment, plaintiff's appellate argument cannot be reviewed and ruled on on appeal. See Taylor v. Phelan, 9 F.3d 882, 884 n. 4 (10th Cir.1993); see also 10th Cir. R. 30.1.1 (court under no obligation to remedy counsel's failure to fulfill responsibility).[2] Accordingly, we must affirm the magistrate judge's decision. See, e.g., Deines v. Vermeer Mfg. Co., 969 F.2d 977, 979-80 (10th Cir.1992). By doing so, we stress the importance of following this court's rules. Cf. McGinnis v. Gustafson, 978 F.2d 1199, 1201 (10th Cir.1992) (failure to provide transcript).
 
 
 13
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [2]
 Even considering appellee's appendix, which contains only the attachments to defendant's brief in support of his motion for summary judgment, review is still precluded. Cf. Taylor, 9 F.3d at 884 n. 4 (appellant did not include evidentiary materials in appendix and evidentiary materials could not be reconstructed from appellee's appendix or district court opinion)