JANE L., et al., Plaintiffs,

v.

Norman BANGERTER, et al., Defendants.

Civil No. 91–C–345G.

United States District Court, D. Utah, Central Division.

March 5, 1996.

Joel G. Momberger, Durham Evans Jones & Pinegar, Salt Lake City, UT, Paul M. Durham, Durham Evans Jones & Pinegar, Salt Lake City, UT, Mary Anne Q. Wood, Wood Quinn & Crapo L.C., Salt Lake City, UT, Jan C. Graham, Utah Attorney Generals Office, Salt Lake City, UT, James R. Soper, Utah Attorney Generals Office, Salt Lake City, UT, for defendants.

Jean M. McCarroll, Berle, Kass & Case, New York City, Janet Benshoof, The Center for Reproductive Law & Policy, New York City, Roger Evans, Planned Parenthood Federation of America, New York City, Allen Howard Lundgren, Keller & Lundgren, L.C., Salt Lake City, UT, Jeffrey R. Oritt, Cohne Rappaport & Segal, Salt Lake City, UT, Julie Mertus, American Civil Liberties Union, New York City, for plaintiffs.

Leon Friedman, New York City.

### AMENDED ORDER ON REMAND IN RE ATTORNEYS FEES (JANE L. VI)

J. THOMAS GREENE, District Judge.

This matter is before the court on motions by both parties to alter or amend Order on Remand in re Attorneys Fees entered by this court on January 5, 1996.[1] Also before the court is plaintiff's supplemental application for attorney's fees, and a further Tenth Circuit remand Order concerning the amount, if any, of judgment interest to award on attorneys fees on appeal.

---

1. *Jane L. v. Bangerter,* 914 F.Supp. 484 (D.Utah 1996) (Jane L. V).

## I. *ATTORNEY FEE AWARD ASSESSED AGAINST PLAINTIFF'S COUNSEL* (Motion by Defendants)

■ In *Jane L. v. Bangerter*, 828 F.Supp. 1544, 1556 (D. Utah 1993) (Jane L. IV), this court awarded attorney's fees to defendants against plaintiffs for having filed certain federal claims found to be frivolous, and against counsel for plaintiffs in the amount of $15,847.47 in connection with bad faith conduct relative to attempted dismissal without prejudice of state constitutional claims. On appeal, the Tenth Circuit reversed this court's award of attorney's fees and expenses to defendants. In its Order on Remand, this court vacated the award of attorney's fees in favor of defendants.

Counsel for defendants argue that the Tenth Circuit did not disturb the award of attorneys fees to defendants as against counsel for plaintiffs. Indeed, cases cited by the Tenth Circuit and argued by defendants hold that failure to name plaintiffs' counsel as parties to an appeal, as was the case here, results in lack of jurisdiction to review an issue involving such counsel.[2]

The Tenth Circuit made it abundantly clear that in its view this court had abused its discretion in awarding attorneys fees to defendants and reversed the award.[3] This court read the remand order as a mandatory directive without limitation to reverse the award of any attorney's fees to defendants. In its blanket directive reversing the award of attorney fees to defendants, however, the Tenth Circuit did not discuss the actual basis on which this court awarded such fees against counsel for plaintiffs. The award was based upon findings by this court of bad faith by counsel for plaintiffs in their attempt to dismiss without prejudice the state constitutional claims on meritless jurisdictional grounds at a late stage in the litigation.[4] The higher court regarded the award as having been made "for filing state constitutional claims that the (lower) court held to be frivolous." [5] That was not the case. This court dismissed the state constitutional claims on the merits [6] and later awarded the State of Utah attorneys fees not because of the frivolous nature of the claims but for the reasons aforesaid.

On further reflection, it appears to this court that the apparently blanket directive by the Tenth Circuit for reversal of the award of attorneys fees to defendants only applied to the award by this court of attorneys fees on account of the pursuit of the *federal* claims which the higher court ruled this court erroneously had regarded as frivolous claims. Although the higher court ap-

---

**2.** The Tenth Circuit said:

[w]e lack jurisdiction to review this issue under *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 314, 108 S.Ct. 2405, 2407, 101 L.Ed.2d 285 (1988), and *Riggs v. Scrivner, Inc.*, 927 F.2d 1146, 1149 (10th Cir.1991), because the notice of appeal failed to name plaintiffs as parties to the appeal. We held in *Riggs* that where sanctions have been imposed against counsel rather than a party, counsel are the proper parties to an appeal contesting those sanctions. 927 F.2d at 1149.

*Jane L. v. Bangerter*, 61 F.3d 1505, 1513, n. 3, (10th Cir.1996).

**3.** The Tenth Circuit said:

[t]he district court abused its discretion in setting the fee award by reducing the lodestar on the basis of alternative legal theories and by awarding defendants attorneys fees and expenses. We REVERSE the district court's award of attorneys fees, expenses, and costs, . . . ."

*Jane L. v. Bangerter*, 61 F.3d at 1518.

**4.** In connection with the award of attorneys fees against counsel for plaintiffs this court said:

The court finds from the record in this case that the state constitutional claims were brought in bad faith.... This appeared to be a last ditch effort to avoid a ruling by the court on the merits as to matters which at all times prior thereto had been urged upon the court by plaintiffs' counsel. The court found that the State had waived its Eleventh Amendment immunity, and proceeded to address the state claims on the merits. *See Jane L.*, 794 F.Supp. 1528 (D.Utah 1992).... Alleging these claims in the Complaint, and then at the last minute, after the state had clearly consented to suit, attempting to obtain a voluntary dismissal, without prejudice, was a frivolous action, apparently carried out in bad faith. It wasted valuable court time, caused unnecessary expense, and significantly delayed the final resolution of plaintiffs' other claims. *Jane L. v. Bangerter*, 828 F.Supp. 1544, 1556 (D.Utah 1993) (Jane L. IV).

**5.** *Jane L. v. Bangerter*, 61 F.3d at 1513.

**6.** *Jane L. v. Bangerter*, 794 F.Supp. 1528 (D.Utah 1992) (Jane L. II).

parently regarded the award of fees against counsel for defendants as based upon a supposed holding by this court that the state constitutional claims were frivolous, that court did not specifically overturn or discuss the award in favor of defendants and against counsel for plaintiffs based upon bad faith.

Since the Tenth Circuit left the award in question intact by its acknowledgment that it was without jurisdiction over the issue because counsel for defendants were not named as parties on the appeal, this court amends its previous Order on Remand and reinstates the award of $15,847.47 in favor of defendants and against counsel for plaintiffs.

## II. EXPENSES AWARDED TO PLAINTIFFS (Motion by Defendants)

Defendants originally claimed $38,766.37 for expenses. On appeal, the Tenth Circuit did not overturn the determination by this court that the sum of $22,709.57 for travel expenses should be denied. Fifty percent of the remaining balance of $16,068.68 was regarded by this court as having been reasonably incurred, so $8,028.40 was added to the lodestar to be considered as part of the attorneys fee calculation. That determination was not disturbed on appeal.[7] In this court's Order on Remand, the award of attorney's fees to plaintiffs was adjusted to reflect the Tenth Circuit's decision in *Jane L. v. Bangerter*, 61 F.3d 1493 (10th Cir.1995). Accordingly, the lodestar figure was reduced by only 25% (rather than 75%) in order to reflect the heightened level of success determined by the higher court. It follows that the amount of expenses this court determined to have been reasonably incurred—

$8,028.40—should be reduced by only 25% rather than 75%, with the result of adding $6,025.76 (rather than $2,007.10) to the attorneys fee awarded to plaintiffs on remand.[8]

## III. PLAINTIFFS' SUPPLEMENTAL APPLICATION FOR ATTORNEY'S FEES (Motion by Plaintiffs)

■ Counsel for plaintiffs request assessment of further attorneys fees. The court has reviewed plaintiffs' motion and affidavits in support, and determines that the request for supplemental fees of $5,067.50 should be reduced by $1,534.00.[9] Accordingly, the petition is granted in the amount of $3,533.50 with postjudgment interest from the date of this order.

## IV. POST-JUDGMENT INTEREST (Motion by Plaintiffs)

### A. Awards by District Court

On June 29, 1993, this court awarded plaintiffs $71,663.47 for attorneys fees and expenses. That amount was included in an appealable judgment.[10] Prior to then, on May 22, 1992, and December 17, 1992, this court had rendered three separate memorandum decisions and orders concerning the various claims which had been presented by the parties in this protracted and massive litigation which involved very large and extensive written and oral presentations.[11] In reviewing the applications for attorneys fees, the lodestar was first established, after which the claims by both sides were evaluated and assessed in relative percentages to arrive at the ratio of successful and unsuccessful claims. The claims were separately analyzed

---

7. *Jane L. v. Bangerter*, 828 F.Supp. at 1558, 1559.

8. In this court's Order on Remand the entire $16,056.80 was erroneously added directly to the award of attorneys fees. As here adjusted, only the part of such expenses previously determined by this court to have been reasonably incurred—$8,028.40—is added to the lodestar and reduced by 25%, and the prior computation should be adjusted accordingly.

9. The reduction is to eliminate time spent on petition for certiorari before the Supreme Court and, to reflect the correct hourly rate adopted by this court as to Mr. Friedman. Elimination of 1.5 hours spent by Mr. Oritt and 0.5 hours so

spent by Mr. Lundgren on the pending petition for certiorari results in reduction of $187.50 and $62.50, respectively. The hourly rate of Mr. Friedman is adjusted to reflect the rate of $155 per hour awarded by this court, resulting in reduction of $1284.00 for 10.7 hours.

10. This court's order and opinion of June 29, 1993, went up on appeal as a final appealable judgment.

11. *Jane L. v. Bangerter*, 794 F.Supp. 1537 (D.Utah 1992) (Jane L. I); *Jane L. v. Bangerter*, 794 F.Supp. 1528 (D.Utah 1992) (Jane L. II); *Jane L. v. Bangerter*, 809 F.Supp. 865 (D.Utah 1992) (Jane L. III).

and the overall level of success of plaintiffs was determined by this court to be 25%. The award made to plaintiffs was based upon this court's decision rendered on December 17, 1992, that portions of the Utah Abortion Act were unconstitutional as contended by plaintiffs. As to those matters, the court determined plaintiffs to be a prevailing party, and fees were meaningfully ascertained as set forth in the June 29, 1993 analysis.[12] This court also awarded defendants $53,110.33 attorneys fees as a prevailing party, against plaintiffs for pursuing what this court regarded as frivolous federal claims, and $15,847.47 against counsel for plaintiffs as previously discussed. As to those matters, the court also meaningfully ascertained the aforesaid awards in favor of defendants in the June 29, 1993 analysis which went up on appeal.

On appeal, in *Jane L. v. Bangerter*, 61 F.3d 1493 (10th Cir.1995), the Tenth Circuit "significantly altered the landscape regarding the claims on which plaintiffs and defendants respectively prevailed." *Jane L. v. Bangerter*, 61 F.3d at 1517. The rulings of the Tenth Circuit were tantamount to a complete reversal. The higher court instructed this court to "reassess the degree of success in light of our merits determination," and to demonstrate qualitative consideration of "the relationship between the amount of the fee award and the results." *Id.* at 1511. This was done in this court's Order on Remand in re Attorneys Fees,[13] and significant additional fees were awarded to plaintiffs. This court did indeed reassess, re-evaluate and reconsider the various claims. Attorneys fees in favor of defendants were vacated, and the award was adjusted as a result of the Tenth Circuit's merits determination set forth in its decision of August 2, 1995, *Jane L. v. Bangerter*, 61 F.3d 1493, *supra.*

### ANALYSIS

28 U.S.C. § 1961(a) provides:

Interest shall be allowed on any money judgment in a civil case recovered in a district court.... Such interest shall be calculated from the date of the entry of judgment, ...

■ Post-judgment interest begins to accrue on a judgment for attorneys fees on the date the fees were "meaningfully ascertained and included in a final appealable judgment." *MidAmerica Federal Savings & Loan Assoc. v. Shearson/American Express, Inc.*, 962 F.2d 1470, 1475 (10th Cir.1992). However, in those instances where a lower court judgment is later invalidated on appeal, the extent of invalidation "determines whether the first judgment or the remand judgment triggers the accrual of postjudgment interest." *Wheeler v. John Deere Co.*, 935 F.2d 1090, 1097 (10th Cir.1991). In instances in which "the reversal is not on any basic liability errors or errors in procedure which affected the basic issues," post judgment interest accrues on the date of the first judgment. *Northern Gas v. Hegler*, 818 F.2d 730, 737–38 (10th Cir.1987), *cert. dismissed*, 486 U.S. 1063, 109 S.Ct. 7, 100 L.Ed.2d 937 (1988).

■ Applying these principles to this case, this court determines that the initial award to plaintiffs of $71,663.47 and the award of $15,847.47 in favor of defendants should bear interest from and after June 29, 1993, the date those awards were meaningfully ascertained and included in the order which went up on appeal.[14]

■ The more difficult determination has to do with the date when post judgment interest should accrue as to the balance of the award to plaintiffs as recalculated in accordance with the merits determination of the Tenth Circuit handed down on August 2, 1995. The principal amount in question after adjustments is $164,425.[15]

---

**12.** *Jane L. v. Bangerter*, 828 F.Supp. 1544 (D.Utah 1993) (Jane L. IV).

**13.** *Jane L. v. Bangerter*, 914 F.Supp. 484 (D.Utah 1996) (Jane L. V).

**14.** Defendants did not contest the award of $71,663 to plaintiffs on appeal, and plaintiffs' counsel did not appeal the award of $15,847 to defendants.

**15.** The figure represents the adjusted attorneys fee and expense award of $226,331 plus $9,757 for court costs, less the original judgment ward of $71,663.47.

Plaintiffs claim that interest should run from June 29, 1993, since this court recognized plaintiffs as a prevailing party at that time and granted a "meaningfully ascertained" partial award. Plaintiffs assert that since the subsequent reversal by the Tenth Circuit did not disturb the prior award to plaintiffs, its impact was not an "invalidation on appeal" but merely a directive to change the method used to calculate the fees. In this regard, plaintiffs submit that the Tenth Circuit did not reverse or direct the modification of defendants' liability for attorney fees to plaintiffs, and rely upon *Wheeler v. John Deere Co., supra,* in which case the Tenth Circuit said:

> Accordingly, the extent to which a judgment is invalidated on appeal determines whether the first judgment or the remand judgment triggers the accrual of postjudgment interest.... Where a case is reversed completely on the merits, postjudgment interest commences on the date of the remand judgment.... In contrast, postjudgment interest accrues on the date of the first judgment when "the reversal is not on any basic liability errors or errors in procedure which affected the basic issues, but on a dollar value, a matter of degree." *Northern Natural Gas v. Hegler,* 818 F.2d 730, 737–38 (10th Cir.1987) (other citations omitted).

935 F.2d at 1097.

Defendants maintain that the Tenth Circuit's reversal was for "basic liability errors ... which affected the basic issues." This court is persuaded that that was the case. As computed by this court, the award to plaintiffs rose from $71,633.47 to $236,374.68 as a result of the Tenth circuit's reversal of all but one of the federal claims at issue on appeal. In addition, the award of attorneys fees to defendants in the amount of $53,110.33 was vacated. This amounted to virtually complete reversal for basic liability er-

rors as to basic issues. In this regard, the determination to reject severance of the Utah statute as to late term abortions and to rule that portion of the Utah statute unconstitutional constituted reversal of a fundamental liability issue. Similarly, the higher court's rulings as to fetal experimentation and choice of methods constituted reversal of basic issues. In addition, the upper court's rejection of this court's lowering of plaintiffs' success level because of time spent on what this court had held to be meritless alternative legal theories to invalidate the Utah abortion statute, as well as reversal of defendants' attorneys fee award concerning those federal claims, greatly affected basic liability. As the Tenth Circuit pointed out, its decision "significantly altered the landscape governing the claims," and greatly "altered plaintiffs' overall success level."

This court considers that the additional fees and costs were not "meaningfully ascertained" until this court's Order on Remand was issued on January 5, 1996 as a result of the Tenth Circuit decisions on the merits and attorneys fees, which were issued on August 2, 1995. *Jane L. v. Bangerter,* 61 F.3d 1493 (10th Cir.1995) and *Jane L. v. Bangerter,* 61 F.2d 1505 (10th Cir.1995). Accordingly, this court holds that the Tenth Circuit decision so significantly altered basic liability determinations that, except as to the original amounts which were awarded to plaintiffs and awarded to defendants against plaintiffs' counsel, the amounts to be set forth in the remand order of January 5, 1996, should bear interest from that date.[16]

### B. Award by Tenth Circuit

In connection with the appeal in this matter, the Tenth Circuit has awarded additional attorneys fees to plaintiffs. The matter was remanded to this court "to make a determination regarding the amount, if any, of judgment interest to award."[17] This court is not

---

**16.** The adjustments made in this Order to the amounts set forth in the Order on Remand dated Jan. 5, 1996, were ministerial in nature and apply retroactively to that date.

**17.** The Tenth Circuit Order filed January 10, 1996 states:

This matter is before the court on appellants' motion for attorneys' fees. After reviewing

both the motion and appellees' objections, the court has determined it will grant the request. Attorneys' fees shall be awarded as requested in appellants' motion using the higher hourly rates outlined on page 5 of the request. This matter is remanded, however, for the district court to make a determination regarding the amount, if any, of judgment interest to award.

directed to make any calculations or analysis concerning the amount of the fee awarded.

It is not clear to this court what amount of attorneys fees was awarded on appeal and to whom such awards were made. The documents which would establish those amounts were not supplied to this court as part of the remand order, although that order refers to figures set forth at "page 5" of a motion (singular) which was filed with the appellate court. This court informally obtained a copy of the motion which lists the requests of five attorneys for 249.5 hours at varying rates. In the affidavit of Mr. Friedman filed with this court, two pages, *each* numbered as page 5, set forth a recitation of additional time totaling 277.5 hours for two additional lawyers plus time for a lawyer listed on both sheets. The total of the two pages at the higher rates ordered by the appellate court is $103,817.50, plus costs and expenses.[18]

Since this court is uncertain as to the amount of fees which have been awarded by the appellate court, the dollar amount of post judgment interest is not here calculated. Counsel are directed to confer and to stipulate if possible as to the fees which were awarded. If agreement cannot be reached the matter should be submitted to the Tenth Circuit.

The rate of interest on January 10, 1996, when the award was meaningfully ascertained in the Tenth Circuit remand Order, was 5.16% per annum, and interest should accrue on the awarded amounts on and after that date.

Based upon the foregoing, it is hereby

ORDERED, that plaintiffs be awarded judgment in the amount of $71,663.47 with post judgment interest at the rate of 3.54% per annum, from and after June 29, 1993; it is

FURTHER ORDERED, that plaintiffs be awarded judgment for $164,425 with post judgment interest accruing from and after January 5, 1996, at the rate of 5.16% per annum; it is

FURTHER ORDERED, that defendants be awarded judgment for $15,847.47 as against counsel for plaintiffs with interest accruing from and after June 29, 1993 at the rate of 3.54% per annum; it is

FURTHER ORDERED, that plaintiffs be awarded judgment for supplemental attorneys fees in the amount of $3,553.50, with post judgment interest accruing from and after the date of this order at the rate of 5.25% per annum; it is

FURTHER ORDERED, that plaintiffs be awarded judgment for post judgment interest on whatever amount of attorneys fees the Tenth circuit has determined to award, from and after January 10, 1996, at the rate of 5.16% per annum.

Counsel for defendants are directed to prepare and lodge with the court a form of judgment for plaintiffs and a form of judgment for defendants consistent with this amended order on remand after first complying with local Rule 206(b).

IT IS SO ORDERED.

---

18. The total of fees on the first page 5, which has to do with the attorneys who have filed affidavits with this court, is $42,890.00. The total of fees apparently requested by other attorneys on the second page 5 is $60,927.50.